Warner *v.* Civil Service Commission.

Argued March 10, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*F. Emmett Fitzpatrick, Jr.,* with him *Joseph Michael Smith, Fitzpatrick & Smith,* for appellant.

*Alexander J. Jaffurs,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 13, 1972:

This is an appeal from an order of the State Civil Service Commission sustaining the action of the Pennsylvania Liquor Control Board in removing appellant from his position as an Enforcement Officer I, regular status.

The appellant was removed from his employment by the Liquor Control Board after consideration by it of the following charge: "Theft. On April 27, 1971, you unlawfully removed notes of investigation from the desk of Enforcement Officer Joseph J. Capparell. . . ." This charge followed upon the appellant's production at an earlier Civil Service Commission hearing, in which the appellant was charged with falsifying his expense account, of notes of investigation prepared by another enforcement officer.

At the hearing before the Commission on the instant charge, the Board offered in support of its removal action the testimony of a stenographer for the Board that she observed the appellant examining the contents of another officer's desk and the testimony of that officer that the notes of investigation later produced by the appellant were his and had been in his desk. The appellant admitted his intrusion into his fellow officer's desk, but stated that the purpose was to examine reports of arrests made by him and the other officer. He

claimed to have found the notes of investigation in a wastepaper basket.

Our examination of all of the testimony leads us to conclude that, accepting, as we must, the Commission's finding that the appellant removed the notes in question, the appellant should not have suffered the penalty here imposed. It would not be helpful for us to analyze appellant's conduct for proof of the essential elements of larceny; technically it might constitute that serious offense. Rather, we believe that appellant's conduct should be considered for what it was, not what it might in anathematical terms be denominated. The case of *Thomas v. Kessler*, 334 Pa. 7, 5 A. 2d 187 (1939), still of diverting memory in Chester County, provides some guidance, if not a definitive precedent. There a mother and daughter, the beneficiaries of a trust the principal asset of which was the capital stock of a local newspaper, had been accustomed to stop at the newspaper office and take for their personal use stationery supplies. The president of the newspaper company, annoyed with this practice, instructed office employees not to permit the ladies to remove supplies. Despite these orders and over the protests of the employees, the ladies took some writing paper and envelopes, whereupon the president caused the daughter to be arrested on a charge of larceny. An indictment was ignored by the grand jury and the president of the newspaper was promptly sued for malicious prosecution. The court below entered a compulsory nonsuit on the ground that there was probable cause for the prosecution. The Supreme Court reversed and awarded a new trial, saying: "When the facts and surrounding circumstances above outlined are considered, it is obvious no larceny was committed, that there was no felonious intent in plaintiff's mind, that she was not stealing a few sheets of paper, and that she took it because she thought, mistakenly perhaps, that

she had the right to. It has been repeatedly held that when one takes property under a claim of right, even though mistaken, larceny is not committed [authorities cited]." 334 Pa. at 9, 5 A. 2d at 188.

We recognize the important distinction between *Kessler* and this case that there the alleged thieves took property under a colorable claim of right whereas the appellant here had slight ground for believing he had a right to take the notes of another. But the appellant did not examine the contents of his fellow officer's desk surreptitiously but at a time when at least one other employee was present. Assuming, as the Board found, that he made off with his partner's notes, it was not with the purpose of using them otherwise than to prove his innocence of a charge of misconduct to which they were relevant. We note that the Commission finds the appellant to have done nothing more serious than searching the desk and wrongfully removing the notes in question, omitting all reference to theft. The appellant's conduct was certainly improper and the Board was justified in imposing discipline. We believe, however, that the charges were overstated and that the Commission's order as a consequence placed too serious a construction upon them.

The Board at this rather late date still contends that our review is upon narrow certiorari. We point out again that the Act of December 2, 1968, P. L.    , No. 354, amending Section 47 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.47, implementing Article 5, Section 9 of the Pennsylvania Constitution, provides for an appeal in accordance with the Administrative Agency Law. This empowers us to determine whether the adjudication is supported by substantial evidence.

Section 951 of the Civil Service Act, Act of August 5, 1941, P. L. 752, added by the Act of August 27, 1963,

P. L. 1257, 71 P.S. §741.951, states that where the final decision of a civil service case is in favor of the employee, he shall be reinstated with the payment of so much of the salary or wages lost by him as the Commission may in its discretion order. We find in the Civil Service Act as presently written no power in the Commission in the case of reinstatement to discipline except in relation to pay or by modifying a suspension imposed by the appointing authority under Section 803, 71 P.S. §741.803. We believe that we too have no such power and that when the employee has been removed we may not modify by the imposition of a suspension. We will leave it to the Commission, as the Act suggests, to determine what payment of salary, if any, should be made upon the appellant's reinstatement. We therefore make the following order.

### ORDER

AND Now, this 13th day of April, 1972, the order of the Civil Service Commission dated November 9, 1971, is set aside and the appellant, James F. Warner, is ordered reinstated to his position as Enforcement Officer I, regular status, with the Liquor Control Board and the record is remanded to the Civil Service Commission for consideration and decision as to the amount, if any, to be paid on account of salary or wages lost by the appellant.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I concur in the majority's conclusion that "the charges [against appellant] were overstated and that the Commission's order as a consequence placed too serious a construction upon them." I therefore join in the order reinstating appellant to his position as En-

forcement Officer I, regular status, with the Liquor Control Board.

It is the remand of this record to the Civil Service Commission for "consideration and decision as to the amount, if any, to be paid on account of salary or wages lost by the appellant," with which I cannot agree. As the majority states, "the Act of December 2, 1968, P. L. , No. 354, amending Section 47 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.47, implementing Article 5, Section 9 of the Pennsylvania Constitution, provides for an appeal in accordance with the Administrative Agency Law." Section 44 of the Administrative Agency Law, in enunciating the powers of this Court to dispose of appeals, provides that, if this Court does not affirm the Commission's adjudication, it may "set aside or modify it, in whole or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court." 71 P.S. §1710.44. The majority has elected the option of remanding the proceeding to the Commission, which, while it is neither an error of law nor a manifest abuse of discretion to do so, is nonetheless, in my opinion, not the best manner by which to dispose of this appeal.

Our power to modify adjudications permits us to order any result which was within the authority of the agency to order initially. In the past, we have used this power to reduce the period of time of a license suspension, *Poisson v. State Harness Racing Commission,* 5 Pa. Commonwealth Ct. 20, 287 A. 2d 852 (1972), where we found that the agency lacked substantial evidence to support *some* of the charges against the licensee. The Dauphin County Court, which enjoyed jurisdiction over appeals from some agencies of the Commonwealth prior to the creation of this Court, in at least two recent cases, also modified the period of suspension or revocation where it found the evidence failed

to support all of the agencies' conclusions. *See State Real Estate Commission v. Campbell,* 85 Dauph. 233 (1966) ; *Pennsylvania State Board of Pharmacy v. Pastor,* 88 Dauph. 273 (1967).

The question of whether to remand or to modify is a discretionary one in which the Court must look at the case with great care. President Judge BOWMAN in *State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 94, 272 A. 2d 531 (1971), stated: ". . . cases indicate that a reviewing court can *and will* act to modify an order of the Commission where the findings of fact do not 'fit' the statutory violations." (Emphasis added.) Here it is clear, and we have so held, that the findings of *fact* do not "fit" the statutory charge against appellant, but do constitute, as a matter of law, improper and wrongful conduct. Under such circumstances, it is both proper and appropriate that this Court *modify* the adjudication of the Commission with regard to the payment of salary.

The result urged herein is not intended to usurp the discretionary power of the Commission. Its most important discretionary function is to determine whether the evidence supports the action of the appointing authority. The majority has already instructed it to find that the evidence compels a conclusion that Warner's conduct was improper and called for appropriate discipline. Under such circumstances, the benefits of a speedy disposition of this litigation by judicial modification clearly outweigh the dangers, if any, of the welfare of the Commonwealth which may result if the Commission should be denied the right to consider and reorder discipline in accordance with judicial edict. Accordingly, I would order the reinstatement of appellant and modify the adjudication as it may relate to "the amount, if any, to be paid on account of salary or wages lost by appellant."