## Baron *v.* Civil Service Commission.

Argued January 9, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*I. Raymond Kremer,* with him *Neil H. Stein,* and *Kremer, Krimsky & Luterman,* P.C., for appellant.

*Marx S. Leopold,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee

OPINION BY JUDGE BLATT, March 13, 1973:

Dr. Ned Baron (Dr. Baron) is a licensed physician who began his employment with the Commonwealth in 1963 at the Embreeville State Hospital (Embreeville), and by October, 1971, had risen to the position of Acting Superintendent at that institution. During the period of his Commonwealth employment, Dr. Baron was also engaged in private practice, and he was accused by the Department of Public Welfare (DPW), which is also his Commonwealth employer, of misusing its Medical Assistance Program in the course of his private practice. Specifically he was charged with billing the DPW Medical Assistance Program (1) for patients who were never seen or treated by Dr. Baron or his associates, (2) for visits in addition to those which actually occurred, (3) for patients actually seen by a physician other than Dr. Baron, and (4) for visits during which patients were given prescriptions but did not receive treatment. Based on these charges, DPW terminated Dr. Baron's employment at Embreeville as a Psychiatric Physician II, regular status, his official civil service description, as of March 6, 1972.[1]

---

[1] In its letter dismissing Dr. Baron, DPW incorrectly stated that the action was being taken under §804 of the Civil Service Act,

Dr. Baron appealed to the State Civil Service Commission (Commission) which handed down an adjudication on August 18, 1972, restoring him to his position but without back pay. The Commission found that the evidence presented by DPW was "not sufficiently substantial to sustain removal of appellant [Dr. Baron] from his position. . . .", but it also found that: "The evidence of the appointing authority supports a misuse of the medical assistance program in a minor degree sufficient to justify a disciplinary action of suspension of appellant as Psychiatric Physician II."

Dr. Baron appealed to this Court from the Commission's denial of back pay. No appeal was taken by DPW from the Commission's order of reinstatement.

Our scope of review in this matter is to determine whether or not the Commission's actions in denying back pay to Dr. Baron amounted to an abuse of discretion or an error of law. *Gibbs v. Civil Service Commission*, 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971).

It is clear that the Commission is generally given a wide discretion as to whether or not to award back pay. Section 951(a) of the Civil Service Act, 71 P.S. §741.951 (a) provides: "If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission may in its discretion order." This Court has stated, in *Department of Transportation v. State Civil Service Commission and Desikachar*, 5 Pa. Commonwealth Ct. 263, 269, 290 A. 2d 434, 437 (1972): "As stated in Section 951 of the Civil

---

Act of August 5, 1941, P. L. 752, 71 P.S. §741.804, which pertains to probationary employees, rather than under §807, 71 P.S. §741.807, which applies to regular employees such as Dr. Baron. This error was harmless, however, because DPW did attempt to support the removal on the basis of "just cause," as §807 requires.

Service Act, 71 P.S. §741.951(a) . . . the Commission *may* order back pay at its discretion. It is under no requirement to do so; and here it did not choose to do so. We can find nothing in the record or in Desikachar's argument which would support a finding that the Commission had abused its discretion in this regard." (Emphasis in original.) The Commission, therefore, may clearly use its discretion in deciding whether or not to award back pay, but it may not abuse that discretion. It has not done so in thise case, although the terminology used in the adjudication is confusing.

The Commission's adjudication is confusing because, while it states that the evidence was insufficient to warrant a dismissal and while it clearly orders reinstatement, it also notes that the evidence would warrant a suspension. This reference to suspension is unfortunate in its possible implication that a suspension was being imposed, for, of course, the Commission has no authority to order a suspension in lieu of a dismissal. *Warner v. Civil Service Commission,* 5 Pa. Commonwealth Ct. 169, 289 A. 2d 519 (1972). The adjudication here, however, can be understood and affirmed without any such implication, for it clearly orders a reinstatement, not a suspension. And, although the accompanying denial of back pay imposes a penalty similar to that which would have accompanied a departmental suspension without pay, such penalty is within the Commission's power to impose, especially when, as here, its imposition indicates no abuse of discretion. The evidence on the record clearly gave substance to the Commission's apparent belief that Dr. Baron had, at the very least, been extremely careless in handling state funds in his private practice. This would surely not commend him as a state employe, charged with handling large sums of state money in his state employment.

Dr. Baron has also argued that it is immaterial whether or not there was evidence of his abuse of the Medical Assistance Program in his private practice because, even if he was guilty of such activity, it would not have been a basis for dismissing him from his state position. Section 807 of the Civil Service Act, 71 P.S. §741.807, provides that "[n]o regular employe in the classified service shall be removed except for just cause," and this Court has stated, in *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A. 2d 368, 371 (1971) : "We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. *The criteria must be job-related and in some rational and logical manner touch upon competency and ability.*" (Emphasis added.) Dr. Baron contends that the charges against him here were not job-related and that any punishment based thereon, including loss of pay, would consequently be improper. We disagree.

Certainly, if activities outside of the job reflect upon the employe's ability to perform his job, they can provide a basis either for removal or for a lesser punishment. *See Lusane v. Civil Service Commission*, 5 Pa. Commonwealth Ct. 642, 291 A. 2d 808 (1972). Dr. Baron's actions here in administering Commonwealth funds and procedures under the Medical Assistance Program in his private practice might well suggest the possibility, or even the likelihood, that he might do the same as a hospital administrator. An abuse of one Commonwealth program could easily indicate that an offender might carelessly or otherwise abuse other such

programs, and this reasoning seems to have been adopted by the Commission. We must hold, therefore, that, if the proof offered here was considered by the Commission insufficient to warrant dismissal but sufficient to warrant denial of back pay, the Commission did not abuse its discretion by reinstating Dr. Baron without back pay.

For the above reasons, therefore, we issue the following

### ORDER

Now, March 13, 1973, the Order of the Civil Service Commission reinstating Dr. Ned Baron to his position as Psychiatric Physician II, regular status, without back pay, is hereby affirmed.