Violet C. Eash, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee, and State Board of Vocational Rehabilitation, Department of Labor and Industry, Intervening Appellee.

Argued January 9, 1975, before Judges KRAMER, WIL-KINSON, JR. and MENCER, sitting as a panel of three.

*Michael F. Kraemer,* with him *Astor & Weiss,* for appellant.

*Barnet Lieberman,* Assistant Attorney General, for appellee.

*Shirley Rae Don,* Assistant Attorney General, for intervening appellee.

OPINION BY JUDGE WILKINSON, January 31, 1975:

The parties are in agreement on the essential facts of this case. Appellant, Violet C. Eash, was employed as a Rehabilitation Counselor II by the Bureau of Vocational Rehabilitation, Department of Labor and Industry (ap-

pointing authority). In March of 1972, appellant requested a leave without pay for educational purposes. In response to this request, appellant received a letter dated March 27, 1972, from the Personnel and Training Officer of the appointing authority granting the leave and further stating: ". . . . If a position is not available when your leave terminates, the State Civil Service Commission will place your name on a preferred list for one year. This entitles you to the first position we fill in your organizational unit and classification during this period." This interpretation was in accord with the then existing policy of the Civil Service Commission. On December 11, 1972, appellant advised the appointing authority of her desire to return to work, and subsequently was informed that no vacancy existed in the classification of Rehabilitation Counselor II at the Pennsylvania Rehabilitation Center in Johnstown, the organizational unit at which she had been employed prior to her leave.

Appellant was thereafter placed on a limited preferred list for employment at the Johnstown Center for one year. During that year, 28 Rehabilitation Counselor II vacancies were filled throughout the State. None of these vacancies occurred at the Johnstown Center, and none of the vacant positions were offered to appellant.

On January 8, 1974, appellant properly appealed to the State Civil Service Commission the failure of the appointing authority to offer her reemployment. This appeal was dismissed by the Commission on the grounds that the right of return following educational leave was limited to the organizational unit from which the leave had been taken. Appellant then requested that the Commission reconsider its denial. Following a hearing, the Commission, on May 16, 1974, issued an adjudication and order in which it acknowledged that the Commission "policy" of limiting the right of return to the organizational unit from which the leave was taken was contrary to the language of the statute granting right of return.

The Commission further found that appellant should have State-wide preferential rights of employment for one additional year; and that appellant, by her "inaction after each vacancy," had waived here rights to any back pay. From this decision, appellant took the instant appeal.

Notwithstanding the negative language of Section 951(c) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(c) (Supp. 1974-1975), the Commonwealth Court has jurisdiction to hear an appeal from the Civil Service Commission. *See* Section 47 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.47 (Supp. 1974-1975), and *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A. 2d 368 (1971). In exercising our scope of review where the propriety of the Commission's action and denial of back pay is at issue, we must determine whether the Commission abused its discretion or committed an error of law. *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A. 2d 427 (1973).

Section 808 of the Civil Service Act reads, in pertinent part: "Any employe who has been granted a leave of absence at the discretion of an appointing authority shall, upon expiration of the leave of absence, have the right of return to the class and civil service status from which leave was granted. . . . If there is no vacancy to which the employe on leave can be returned, he shall retain priority of return . . . for a period of one year. . . ." 71 P.S. §741.808. It is clear that the Commission's "policy" of restricting the right of return to the organizational unit that the employee worked in prior to a leave of absence is a misapplication of the law. In fact, the parties agree that the Commission erred in this respect. However, the appellant and the appointing authority disagree as to the relief granted by the Commission.

The Commission placed appellant on the preferred list for employment for one additional year. The appoint-

ing authority argues that the Commission acted properly, because appellant waived her right to reemployment preference on a State-wide basis following termination of her leave by not appealing the terms upon which the leave was approved. In support of its position, able counsel for the appointing authority cites the portion of the letter of March 22, 1973, quoted above. However, this argument ignores the fact that appellant was not aggrieved *at that time* by the position taken in the letter. In fact, any request by appellant for relief would undoubtedly have been premature and speculative since the length of appellant's leave and the number of future openings for Rehabilitation Counselor II positions at the Johnstown Center were then unknown. At the time of the commencement of this proceeding, however, appellant was no longer on any employment list. This fact, combined with the Commission's erroneous interpretation of the law still "in effect" at that time, is tantamount to a permanent separation so as to warrant an appeal pursuant to Section 951 of the Civil Service Act, 71 P.S. §741.951.

In addition, it is argued that appellant's inaction was a waiver as to each vacancy that existed and each Rehabilitation Counsel II appointed in the State during the 12 months she was on the limited list. Again, we must disagree. The Commission found that although none of the 28 Rehabilitation Counsel II vacancies was offered to appellant, she "knew that the appointing authority was recruiting for and filling positions similar to hers in other parts of the Commonwealth." There is no evidence on the record to support this finding, and it is not contested that she received no formal notice of these vacancies. It was improper for the Commission to hold that appellant could waive her statutory right to preference for each of these vacancies when there has been no showing that she had notice or even knowledge of the existence of the vacancies.

We, therefore, hold that appellant has not waived any of her rights as to reemployment and that she should be reinstated as of the date the first Rehabilitation Counselor I or Rehabilitation Counselor II vacancy occurred after her request of December 11, 1972.[1]

Appellant also requests that, if reinstated, she be granted back pay. When an employee is reinstated, the granting of back pay is normally at the discretion of the Commission. Section 951(a) of the Civil Service Act, 71 P.S. §741.951(a). However, the effect of the denial of back pay, as noted by Judge BLATT in *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 9, 301 A. 2d 427, 429 (1973), can "impose a penalty similar to that which would have accompanied a departmental suspension without pay." Since such a result would be totally unwarranted in this case, we hold that for the Commission to reinstate appellant without granting back pay would be an abuse of discretion. The Commission shall determine the amount of back pay due appellant based on the amount she should have earned from the date of reinstatement to the present less the amount she actually did earn from other employment during that period.

Accordingly, we enter the following

ORDER

NOW, January 31, 1975, the order of the State Civil Service Commission is hereby reversed and appellant, Violet C. Eash, is ordered reinstated as of the date of the first vacancy in Rehabilitation Counselor I or Rehabilitation Counselor II positions with back pay from that date, less appropriate deductions. The record is remanded for determination of the date of reinstatement, and the amount of back pay due appellant.

---

1. Section 808 of the Civil Service Act also allows an employee returning from leave to return to any class previously held. The record shows that appellant would be entitled to return to either a Rehabilitation Counselor I or Rehabilitation Counselor II position.