474

Farview State Hospital, Department of Public Welfare *v.* Benjamin J. Snipas, Appellant.

Argued September 11, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Charles W. Johnson, Jr.,* with him *Handler, Gerber & Weinstock,* for appellant.

*Darius G. C. Moss,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, October 30, 1975:

This is an appeal by Benjamin J. Snipas from an order of the State Civil Service Commission, which ordered Snipas reinstated to his position of Therapeutic Activities Worker V, regular status, but which did not allow back pay. The sole issue in this case is whether the Commission abused its discretion by denying back pay. We conclude that the Commission did not abuse its discretion and, therefore, affirm.

On August 22, 1974 Snipas was suspended, pending an investigation, from his position at Farview State Hospital, and on October 3, 1974 he was removed from his position. Snipas appealed to the Commission which, in an adjudication dated February 5, 1975, concluded that the Department of Public Welfare (DPW) had failed to establish just cause for Snipas' removal. The commission ordered Snipas reinstated but denied back pay. Snipas has appealed only from the denial of back pay.[1] No appeal was taken by DPW.

The Civil Service Act[2] grants the Commission discretionary authority to award back pay.[3] Our scope of review is to determine if the Commission abused its discretion or committed an error of law by denying back

---

1. Snipas also argues that DPW failed to give him adequate notice of the charges against him and failed to follow its own rules and regulations in removing him from his job. Since the question of the validity of Snipas' removal has already been decided in Snipas' favor, we need not consider these arguments.

2. Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1 et seq. (hereinafter "Act").

3. Section 951(a) of the Act, 71 P.S. §741.951, reads in pertinent part as follows:

"If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission *may in its discretion* order." (Emphasis added.)

pay. *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A. 2d 427 (1973).

The Commission specifically concluded in its adjudication that Snipas' "behavior and attitude were contributing factors in the removal action." The Commission's adjudication includes extensive findings of fact, and many of these findings support the conclusion concerning Snipas' "behavior and attitude." Snipas contends that the Commission's findings are not supported by substantial evidence. We disagree. The Commission's findings are supported by substantial evidence, and the Commission did not abuse its discretion by ordering Snipas reinstated without back pay.

In accordance with the above, we therefore

ORDER

AND NOW, this 30th day of October, 1975, the order of the State Civil Service Commission, ordering that Benjamin J. Snipas be reinstated without back pay, is hereby affirmed.