Richard N. Harp *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. Richard N. Harp, Appellant.

Argued December 9, 1976, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Robert A. Polin,* with him *Talarico, Polin, Sulman and Lilian,* for appellant.

*David Shotel,* Assistant Attorney General, with *Harry Bowytz,* Assistant Attorney General, and *Robert P. Kane,* Attorney General for appellee.

OPINION BY JUDGE ROGERS, January 24, 1977:

In November 1975, the appellant, Richard N. Harp, a Liquor Store Manager III, with regular civil service status, was in charge of a state liquor store located at Audubon, Montgomery County. The other state employes located at the store were a co-manager and two clerks. On November 19, 1975 the co-manager and one of the clerks came upon an opened case of one-half pint whiskey bottles in which they found four opened bottles, two of which were empty, one half full and the fourth containing about an ounce of whiskey. Later the same day the second clerk saw the case and the four opened bottles. The co-manager, and clerks, in accordance with Liquor Control Board directives, notified superiors who instructed them to reseal the case leaving the four opened bottles in place. On November 20, 1975 three supervisors came to the store, examined the case of whiskey and found that the four opened bottles were gone and that four full and unopened bottles had been placed in the case.

Mr. Harp arrived at the store on November 19, 1975 after the case with the four opened bottles had been discovered. He rescheduled the working hours of the other employes so that he was alone in the store from 7 P.M. to 9 P.M. on November 19, 1975. There is no direct evidence that Mr. Harp opened the four bottles and consumed their contents, or that Mr. Harp replaced the opened bottles with full bottles from another source. If the Liquor Control Board had evidence that four bottles in the store's inventory were missing, it failed to produce it.

As a result of the incident just described, the Liquor Control Board suspended Mr. Harp as of November 20, 1975 "pending the completion of an investigation . . . of [s]uspected pilferage and consumption of alcoholic beverages on the store premises." On

December 17, 1975 the Liquor Control Board removed Mr. Harp from his position of Liquor Store Manager III, effective December 19, 1975. The removal action was based on the following charges:

1) Misappropriation of Commonwealth merchandise; in that on or about Wednesday, November 19, 1975, Mr. Harp removed from Store #4637, 4 bottles of Code 349, Canadian Club Whiskey (1/2 pint).

2) Failure to properly discharge the duties and responsibilities incumbent upon a Liquor Store Manager III:

Improper change of posted work schedule for Liquor Store Clerk T. Wayne Loux on November 19, 1975.

The State Civil Service Commission heard Mr. Harp's appeals from both the suspension and removal actions on January 6, 1976, at which the hereinabove recited facts were developed. On March 8, 1976 the Civil Service Commission handed down its adjudication in which it concluded that the Liquor Control Board had not sufficiently proved that Mr. Harp had tampered with any Commonwealth merchandise and sustained his appeal from the removal action. The Commission upheld the suspension, however, on the ground that it was justified by Mr. Harp's negligence with respect to his store's inventory, evidenced by his vague and casual testimony on this subject. The Commission ordered Mr. Harp's immediate reinstatement but without back pay.

In his appeal to this Court, Mr. Harp says that the denial of back pay was an abuse of the Commission's discretion and that the Commission erred as a matter of law in upholding the suspension as punishment for asserted negligence with respect to inventory because no such charge had ever been made when he was sus-

pended. It seems to be Mr. Harp's view of the law that if the suspension, as well as the removal action, had been overturned by the Commission, it would be required to award back pay. This is not the law.

Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.-951(a) provides:

> Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission. Any permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in his case in violation of the provisions of this act, upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing. As soon as practicable after the conclusion of the hearing the commission shall report its findings and conclusions to the appointing authority and the employe. If such final decision is in favor of the employe, the appointing authority shall reinstate him with the payment of so much of the salary or wages lost by him as the commission may in its discretion order.

We have repeatedly held that the Act means that the Commission may in the exercise of a sound discretion reinstate without back pay where it believes the facts warrant such action, although it has concluded that the same facts do not justify the suspension or removal action appealed from. *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975); *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973); *Department of Transportation v. State Civil Service Commission and Desikachar,* 5 Pa. Commonwealth Ct.

263, 290 A.2d 434 (1972); *Warner v. Civil Service Commission*, 5 Pa. Commonwealth Ct. 169, 289 A.2d 519 (1972).

We do not think that the Commission's action in sustaining the suspension despite its inability to find that Mr. Harp had pilfered or consumed alcoholic beverages in the store, was erroneous. The suspension was to be in effect only pending investigation of suspected unlawful activities. We learn from the notice of removal that Mr. Harp had been suspended in July of 1975 for opening containers and consuming alcoholic beverages at the store and had been warned that he would be discharged if he failed to perform his duties competently or if he failed to follow through with his planned participation in the Commonwealth's Alcoholism Program. This record in the Liquor Control Board's files, the discovery of the open bottles on November 19, 1975 and the subsequent disappearance and replacement of the open bottles justified an investigation and a suspension while the investigation was being conducted.

In any event, as we have observed, the Commission might have reversed both the suspension and the removal and, nevertheless, withheld back pay.

We therefore affirm the State Civil Service Commission's adjudication.

ORDER

AND Now, this 24th day of January, 1977, it is Ordered that the appeal of Richard N. Harp from the adjudication of the State Civil Service Commission made March 8, 1976 be and it is hereby dismissed and that the said adjudication be and it is hereby affirmed.