Robert J. Losieniecki, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Argued September 14, 1978, before Judges CRUM-
LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Preston L. Davis,* with him *Davis, Davis & Kaar,*
for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with
him *Robert P. Kane,* Attorney General, for respon-
dent.

OPINION BY JUDGE CRAIG, December 13, 1978:

The Board of Probation and Parole (Board) dis-
charged petitioner from his employment as a Parole
Agent III. On appeal, the Pennsylvania Civil Ser-
vice Commission (Commission), after hearings, or-
dered him reinstated because the Board had not ade-
quately demonstrated just cause for his dismissal.

However, the Commission refused to order any
back pay reimbursed to petitioner. We are asked to
review only that back pay decision.

The controversy arose against the background of
a Social Rehabilitation Services (SRS) program ad-
ministered under the supervision of the Department
of Public Welfare (DPW). Under the SRS program,
the Board rendered specialized services to parolees
who were simultaneously clients of DPW.

If the Board showed that it had provided such services and that the parolee-recipient was eligible, it was reimbursed by DPW.

DPW ordinarily determined the eligibility of the clients on the basis of information supplied on Form 653, filled in by the parole agent with information elicited from his client.

Near the bottom of Form 653 there was a space captioned "SIGNATURE OF APPLICANT OR PERSON/AGENCY ACTING ON APPLICANT'S BEHALF." The space immediately below was entitled "SIGNATURE OF INTERVIEWER AND TITLE."

Losieniecki was dismissed by the Board when his immediate supervisor uncovered several instances in which petitioner himself signed the parolee's name in the first space, without any indication that it was a vicarious signature.

The Board listed three reasons for dismissing Losieniecki: (1) falsification of agency documents; (2) misleading the agency regarding accuracy of reports; and (3) signing the name of another on a document which provides fine or imprisonment for providing deliberately false statements.

The Commission dismissed the first two charges because the information was correct, resulting in no loss of reimbursement, and because petitioner had been misled by erroneous advice from a DPW employee, with whom he had been instructed to be cooperative.

The Commission upheld only the third charge, finding that a parole agent's observance of the law should be exemplary, and that the genuineness of the signatures could have been material if there had been any false statements.

Mitigating factors found by the Commission were the erroneous advice given petitioner by the DPW employee, the lack of specific training in the program,

confusion caused by program changes, and the absence of any motivation for personal gain.

However, the Commission refused to order back pay awarded to petitioner because he was "not without fault," in that he could have personally checked the applicable regulations and was "cutting corners" to meet a quota.

The statute expressly gives the Commission discretion as to back pay awards.[1]

A Commission adjudication which orders no back pay must be affirmed unless the denial of back pay constitutes an abuse of discretion. *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 301 A. 2d 427 (1973).

In reviewing a determination within administrative discretion, the applicable statute[2] compels us to affirm even in cases where we would be inclined to reach a different result, as long as a reasonable mind might reach the same decision on the basis of the evidence before the Commission. *Williams v. Civil Service Commission*, 457 Pa. 470, 327 A.2d 70 (1974).

The Commission has discretion to find that the facts of a case do not justify dismissal, yet warrant denial of back pay. *Harp v. Pennsylvania Liquor Control Board*, 28 Pa. Commonwealth Ct. 318, 368 A. 2d 846 (1977). In the *Harp* case, the evidence did not prove that a liquor store manager had pilfered stock so as to justify dismissal, but a denial of back pay

---

[1] Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951(a) authorizes reinstatement with "so much" of back pay "as the commission may in its discretion order."

[2] The Administrative Agency Law of 1978, 2 Pa. C.S. §704. This statute is substantially the same as Section 44 of The Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended, formerly* 71 P.S. §1710.44, repealed by the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, No. 53.

was nevertheless proper because the Commission could reasonably infer that the manager was negligent.

*Farview State Hospital, Department of Public Welfare v. Snipas,* 21 Pa. Commonwealth Ct. 474, 346 A.2d 593 (1975) reached a like result where the employee's attitude and behavior contributed to his unjustified removal, and *Ogasawara v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 354, 505 A.2d 734 (1973) is in accord, involving a finding of errors of commission and omission on both sides.

In two other cases, this Court overturned the Commission's decision sustaining dismissal; yet we remanded the cases to the Commission to determine, in its discretion, what payment of lost salary, "if any," should be awarded the unjustifiably terminated employee. *Master v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 393, 398, 322 A.2d 426, 429 (1974) (liquor enforcement officer's World Series wager); and *Warner v. Civil Service Commission,* 5 Pa. Commonwealth Ct. 169, 173, 289 A.2d 519, 521 (1972) (removal of note from a co-worker's desk held improper, but not theft).

In short, with respect to ordering back pay upon reinstatement, the Commission "is under no requirement to do so." *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 269, 290 A.2d 434, 437 (1972).

To overturn this back pay decision, our cases demand a finding that the evidence clearly reveals negligible or no job-related culpability on petitioner's part. To so hold, we would have to be able to say either that the Commission's findings—that petitioner was remiss in not checking the regulations himself and that he was corner-cutting—are unsupported by substantial evidence, or, alternatively, that the Commission's conclusion that petitioner was "not with-

out fault" is capricious in light of the evidence presented. *See: State Real Estate Commission v. Bewley,* 1 Pa. Commonwealth Ct. 85, 272 A.2d 531 (1971).

In *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975), we did find it an abuse of discretion to reinstate without any back pay.

*Eash,* however, does not reflect any different approach to the back pay issue because there the Commission based the decision upon findings that petitioner, in two respects, had waived her right to reemployment preference, findings which we reversed as lacking support by substantial evidence. Therefore, the Commission's denial of back pay in *Eash* was premised on determinations which we could not sustain.

Here, however, we cannot say that the determinations which form the basis of the Commission's denial of back pay were not such conclusions as "a reasonable man, acting reasonably, *might* have reached" from the evidence presented and its inferences. *A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 505, 284 A.2d 515, 518 (1971). (Emphasis in original.)

Although, as we noted in the *Eash* case, *supra,* the denial of back pay yields the same result as a penalty of suspension for a like period without pay, and the seven-month loss of income here could be regarded as being at the severe extreme of the scale, we are constrained not to substitute judicial discretion for the administrative discretion of the Commission which heard the evidence directly.

We therefore affirm the Commission's order.

## Order

And Now, this 13th day of December, 1978, the order of the State Civil Service Commission dated

May 16, 1977, reinstating Robert J. Losieniecki to the position of Parole Agent III without back pay, is hereby affirmed.

