Graterford State Correctional Institution, Petitioner *v.* James Riddick, Respondent.

Argued February 8, 1979, before Judge WILKIN-
SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Francis R. Filipi,* Assistant Attorney General, with
him *J. Andrew Smyser,* Deputy Attorney General,
and *Robert P. Kane,* Attorney General, for petitioner.

*Richard P. Perna,* for respondent.

OPINION BY JUDGE WILKINSON, JR., March 23, 1979:
On November 9, 1977, the State Civil Service Com-
mission (Commission) issued an adjudication which
sustained the appeal of respondent from his termina-
tion by abandonment of his position as a Corrections
Officer I, regular status, with petitioner, the State
Institution at Graterford (Graterford) and awarded
back pay. The Commission's order provided:

AND Now, November 9, 1977, the State Civil
Service Commission, by unanimous agreement
of its three members, sustains the appeal of
James Riddick from his termination by aban-
donment of his position as Corrections Officer
I, regular status, and we hereby order and di-
rect the State Correctional Institution at
Graterford to give appellant, James Riddick,
ten days notice that his leave of absence with-
out pay is terminated, and he shall report for

work as Corrections Officer I, regular status, at the State Correctional Institution at Graterford on the date specified, and upon failure to personally report for work as provided herein, he shall be deemed to have resigned as of the first day after such termination of leave, and the Commission further orders that the appellant shall receive reimbursement for salary lost subsequent to January 27, 1977.

We affirm that part of the order which directs reinstatement of respondent to Leave of Absence without Pay status but reverse and set aside that part of the order requiring reimbursement for salary lost subsequent to January 27, 1977.

We need not discuss the facts other than as found by the Commission. It found that respondent was improperly removed from Leave of Absence without Pay status since petitioner did not afford him the required 10 days' notice made necessary by the rules of the Civil Service Commission. 4 Pa. Code 101.53. Even though respondent has steadfastly maintained that he was physically unable to return to work and refused to do so,[1] and the Commission has found that he in fact was able to return, the Commission was quite correct in ruling that the petitioner was required to follow the proper procedure to remove him from his status of Leave of Absence without Pay.

However, the Commission has abused its discretion in ordering back pay for an employee who was on Leave of Absence without Pay and who never presented himself for duty. Indeed this employee on several occasions refused to report for duty when ordered to do so, albeit without the appropriate 10 days' notice.

Respondent relies on our opinion in *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct.

---

[1] On February 1 respondent said he would return to work on February 7, 1977. However, he failed to do so.

199, 331 A.2d 601 (1975). Indeed that decision requires our setting aside this award of back pay where there has been no showing that the employee on Leave of Absence without Pay status acted on his own behalf to offer to return to work. In *Eash, supra,* we awarded back pay only from the time the employee on Leave of Absence without Pay offered to return to work and a position was available. Here the position was available but the respondent refused to fill it.

Accordingly, we will enter the following

### ORDER

AND Now, March 23, 1979, the order of the State Civil Service Commission, at Appeal 2159, dated November 9, 1977 is modified to remove therefrom any requirement of reimbursement for salary lost subsequent to January 27, 1977, and as so modified is affirmed.