Horace Bell, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Vocational Rehabilitation, Department of Labor, Respondent.

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Donald J. Klein, Klein & Merovitz,* for petitioner.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, November 13, 1981:

Petitioner Horace Bell requests this court to review an order of the State Civil Service Commission, under the Civil Service Act (Act),[1] which reinstated Bell to his position of Rehabilitation Counselor I, but without back pay. Bell challenges the denial of back pay as an abuse of the commission's discretion under the Act.

On August 24, 1979, Bell had been dismissed from the Pennsylvania Department of Labor and Industry (department), on the basis of two alleged acts of insubordination by Bell: (1) an argument with his section administrator, and (2) an attempt to make confidential files available to a client.

In its adjudication, concerning the first charge, the commission found that "the discussion became heated" and Bell "left the section administrator's office," but "returned to the office" upon instruction by the section administrator to do so. (Findings 21, 22). As to the second charge, the Commission specifically found that Bell "did not offer such files to the client." (Finding 32).

The commission also expressly found Bell's testimony to be credible and concluded that he had been a victim of harassment by his superiors, following his unsuccessful earlier complaints of racial discrimination.

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.1 *et seq.*

In its discussion, the Commission indicated that Bell had not been "entirely without fault" and therefore declined to award back pay, without reference to any finding of fact.

The authority to grant back pay to a reinstated employee rests with the discretion of the State Civil Service Commission.[2] Although the commmission does have broad power to reinstate employees without back pay, *Fiegenberg v. Department of Labor and Industry*, 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978), we have consistently noted that a reinstatement without back pay is equivalent to the penalty of a suspension without pay. *Eash v. Civil Service Commission*, 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975), *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). When an administrative agency has the discretion to impose a penalty, the record must disclose the basis for exercising that discretion, to permit adequate judicial review. *State Real Estate Commission v. Bewley*, 1 Pa. Commonwealth Ct. 85, 272 A.2d 531 (1971).

The department contends that three points in the record justify the withholding of back pay: (1) the finding as to Bell's leaving his section administrator's office following a heated discussion, (2) a finding that Bell previously was disciplined for insubordination, and, (3) the discussion comment that he was not entirely without fault.

The last, point (3), is at best a conclusion and not a finding of fact. Point (2), the previously-punished offense, cannot itself be the sole justification for the back-pay penalty, being relevant only to the degree of punishment proper for a new and separate offense,

---

[2] This court's scope of review is limited to whether the commission committed an error of law or abused its discretion in denying back pay. *Wasilak v. Pennsylvania Liquor Control Board*, 27 Pa. Commonwealth Ct. 171, 365 A.2d 910 (1976).

if any there be. *See Ditko's Appeal,* 385 Pa. 435, 123 A.2d 718 (1956).

Point (1) clearly relates to the alleged argument which, the Commission decided, did not warrant dismissal. Because leaving a "heated discussion" (and returning when told) could be fully appropriate, depending upon the circumstances, the adjudication leaves us uninformed as to whether that act was wholly faultless or just not enough to warrant dismissal.

An agency must incorporate into its adjudication all findings necessary to resolve the relevant issues presented in the adjudication. *Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). The failure to incorporate such findings requires us to remand to the Civil Service Commission for one or more findings as to the specific facts, if any, which might justify the conclusion that Bell was not entirely without fault. *Wasilak v. Pennsylvania Liquor Control Board,* 27 Pa. Commonwealth Ct. at 174, 365 A.2d at 911.

ORDER

Now, November 13, 1981, the order of the State Civil Service Commission, Appeal No. 2871 is remanded to the Commission for specific findings of fact on the denial of back pay.