Selim A. Elias, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Polk Center, Respondent.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Barbara L. Smith, Mahany, Roeder & Kirvan,* for petitioner.

*Marlene W. Jackson,* Deputy Attorney General, for respondent.

OPINION BY JUDGE DOYLE, December 6, 1982:

This is an appeal by Selim A. Elias, M.D. (Petitioner) from a supplemental decision and order of the State Civil Service Commission (Commission) reaf-

firming a prior Commission decision to deny Petitioner back pay. We reverse.

Petitioner was dismissed from his position as a Physician II, regular status, at the Polk Center, a Pennsylvania Department of Public Welfare administered medical facility, on October 3, 1978. The alleged grounds for the dismissal were: (1) Petitioner's unprofessional conduct in placing statements on a medical chart which were critical of another physician's treatment of a patient, (2) his insubordination in photographing a patient being held in an isolation unit which was contrary to hospital rules prohibiting the photographing of patients, and (3) a memorandum Petitioner sent to the Superintendent of Polk Center attacking that individual's competence. Petitioner appealed his dismissal to the Commission which, after a hearing, held: (1) the notation on the medical chart, while "tactless," was "essentially correct" and could not be considered cause for disciplinary action, (2) the photographing of the patient could not constitute grounds for dismissal because the appointing authority failed to produce the rules which had allegedly been promulgated prohibiting such an act nor did they establish that Petitioner knew of such rules, and (3) that Petitioner could not be dismissed for the memorandum to the Superintendent because the only evidence that it contained insubordinate comments was the testimony of the Superintendent; the letter itself was never introduced into evidence. The Commission also, however, summarily denied an award of back pay for the over one year period of Petitioner's dismissal.

Petitioner appealed the denial of back pay to this Court, and, in *Elias v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 503, 426 A.2d 762 (1981) we ruled that, while it was within the Commission's dis-

cretion to deny back pay in matters such as that at bar, the exercise of said discretion required findings of fact and conclusions of law specifically directed to the denial of back pay so as to enable this Court to effectively review the matter on appeal. Since no such findings of fact or conclusions of law were part of the record then before us, we accordingly remanded the case to the Commission with the express instruction that they be made.

On remand the Commission rendered a Supplemental Adjudication, again denying back pay, which stated, in pertinent part:

## FINDINGS OF FACT

Despite the appointing authority's failure to introduce evidence sufficient to support the removal of appellant, we do not feel that appellant is totally without fault in this matter. While we received no evidence conclusively supporting the existence of rules barring the photographing of patients, it is apparent from testimony concerning appellant's behavior following that incident, that he understood the impropriety of his actions; and, thereafter, refused to cooperate with the appointing authority on that matter. N.T. p. 45-46, 49. It is our view that appellant instigated this and prior disputes between himself and other personnel of the appointing authority through his abrasive and uncooperative conduct. On such basis, we conclude that back pay should not be ordered in this appeal.

## CONCLUSION OF LAW

Payment of lost wages, awardable under Sections 951(a) and (b) of the Civil Service Act, as amended, is not justified as appellant's actions do not merit such award.

The notes of testimony referred to in the findings of fact, insofar as they concern Petitioner's photographing of patients, read:

Q. Doctor, getting back to the patient with the pinworms, you mentioned photographs. Did you ever see these photographs?

A. No.

Q. Did you ever talk to Dr. Elias about those photographs?

A. Yes. I was instructed to request the photographs from him. I went to him and asked for the photographs. He said, "Oh, don't worry about the photographs. I will give them back to you." He said, "Don't worry about them." So, I went back the next time I saw him and asked him for the photographs. He said, "Don't worry about them. I will not use them." I said, "What about the letters that Dr. Eiceman saw?" He said, "Don't worry about those letters. They are not going anyplace." I didn't see the pictures, but he said he would give them back to me, not to worry about them that they were not going to be used.

Q. Did he ever say why he took the pictures?

A. No.

. . . .

Q. Now, we have talked about a rule regarding photographs here this afternoon.

A. Yes.

Q. Is that rule a verbal rule? Is this something that the staff understands?

A. Yes. Anybody in the medical profession should know by the time they are in the medical profession that they do not take pictures of people without their permission or without proper permission.

Q. This is not a written rule at Polk though?

A. It is a written rule. It is in the policy, yes.

Petitioner has again appealed the Commission's denial of back pay, arguing that the findings of fact are both unsupported by substantial evidence and insufficient to warrant the imposition of a penalty engendered in a denial of back pay.

It is well settled "that although the evidence of a particular case may not constitute just cause for dismissal, the Commission may find the evidence sufficient to warrant less severe disciplinary action in the form of a denial of back pay." *Elias,* 57 Pa. Commonwealth Ct. at 508, 426 A.2d at 765. For this Court to vacate a denial of back pay there must be a determination that the evidence reveals no or negligible job related culpability on the part of petitioner with respect to the disciplinary action brought. *Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978).

In the case at bar the Commission in its supplemental decision has attempted to impose a degree of culpability on Petitioner for the photographing incident by finding that he understood the "impropriety" of his actions. Such a finding, however, runs directly contrary to the Commission's initial decision as to this issue that the appointing authority had *failed to establish* that Petitioner had done *anything* improper. Thus, what we have, unlike those cases where the denial of back pay was a modification by the Commission of the discipline imposed based on its assessment

of the magnitude of the transgression, is an attempt to impose culpability where it has been previously determined that there was none. This we cannot permit. The Commission was precluded from using the photographing incident and the actions of Petitioner attendant thereto as grounds for a denial of back pay by the very terms of its own decision.

The Commission, has also tendered as support for the denial of back pay the finding that it was Petitioner's "abrasive and uncooperative conduct" which instigated both the dispute over the photographing of the patient and "prior disputes." This finding is a conclusion in addition to being vague and does not satisfy the mandate of our remand order to render findings sufficient to permit our review of the decision. *See Bell v. Bureau of Vocational Rehabilitation, Department of Labor,* 62 Pa. Commonwealth Ct. 388, 436 A.2d 1072 (1981). Moreover, the reference to "prior disputes" can only be read to concern matters not related to the subject matter of the instant dispute, *i.e.,* new and separate offenses, if any, and therefore they are not relevant to and cannot support a denial of back pay in this case. *Bell.*

Accordingly, we do not find the Commission's findings and the testimony cited to support them sufficient to justify a denial of back pay, and, in light of our previous remand, we therefore find the Commission abused its discretion by so doing and reverse its order herein.[1] *See McClelland v. State Civil Service*

---

[1] Petitioner has also raised the issue of whether a denial of back pay for a period in excess of one year is in and of itself so inordinately severe under circumstances such as these as to constitute an abuse of discretion. This was prompted by this Court's dicta in *Losieniecki v. Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978) where we referred to a denial of back pay for a period of seven months as being at the "severe extreme of the scale" in terms of the Commission's discretion to im-

*Commission,* 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). Petitioner is to be awarded full back pay for the period of his suspension less appropriate deductions. *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975).

### ORDER

Now, December 6, 1982, the order of the State Civil Service Commission in the above captioned matter, Appeal No. 2613, dated May 21, 1981, is hereby reversed and it is ordered that petitioner Selim A. Elias, M.D. be awarded back pay for the period of his improper dismissal from employment commencing October 23, 1978, less appropriate deductions. The record is remanded for determination of the amount of back pay due petitioner.

Judge MACPHAIL dissents.

---

pose discipline. *Id.* at 199, 395 A.2d at 306. Because of our holding in this matter we need not address this issue. We do note, however, that a denial of back pay is a penalty, *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973), and, while it is arguable as to whether the Commission is within its discretion when doing so for a period as long as that in the case at bar, this Court cannot help but take notice of such a penalty in conducting its review of the record to ascertain whether the facts support such a denial.