John F. Craven, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued May 10, 1985, before Judges MacPhail and Colins and Senior Judge Blatt, sitting as a panel of three.

*Helen R. Kotler,* with her, *Jeffrey M. Friedman,* for petitioner.

*Robert C. Bell,* Assistant Counsel, with him, *Michael J. McCaney, Jr.,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE COLINS, June 19, 1985:

This is an appeal by John F. Craven (petitioner) from a decision of the State Civil Service Commission (Commission), which ordered his reinstatement to the Department of Transportation (Department), but denied him back pay. The Commission found that petitioner was not entitled to back pay because he did not effectively perform his duties as a Highway Equipment Manager III in the Allegheny County District. Since being hired in October, 1979, petitioner's primary duty was to ensure that preventive maintenance was completed on Department equipment.

In August, 1981, petitioner's records for preventive maintenance were audited and deficiencies were discovered. An administrative control mechanism was put in place to assist petitioner in meeting deadlines and keeping supervisors informed. Petitioner's job performance, however, did not seem to improve substantially, and by memorandum dated November 2, 1981, petitioner was informed by the Department of its concern for his management attitude. The Department specifically mentioned poorly prepared summer equipment inspection reports and a failure to meet deadlines. In mid-November, petitioner's supervisor gave him six weeks to correct these problems.

In January, 1982 and again in April, 1982, County Highway Equipment Manager Evaluations (CHEM) rated petitioner unsatisfactory on 8 of 35 categories. By letter dated May 4, 1982, petitioner was dismissed from his position. He filed a timely appeal with the Commission and the hearing was held in November, 1982.

The Commission found that the Department's expectations were unreasonable because the District assigned to petitioner was too large and dispersed for him to effectively manage. It also found that some of the deficiencies had existed prior to petitioner assuming this position and that petitioner's performance had improved to the point where removal was not for just cause. The Commission, therefore, ordered reinstatement. Petitioner, however, was denied back pay because the Commission also found that he was made aware of the need for improvement on several occasions and should have directed more time and energy into these matters.

On April 12, 1984, this Court vacated the order of the Commission which denied back pay and remanded the case for further findings of fact on that issue.

222

The court was unable to determine on exactly what evidence the Commission relied.[1] On June 20, 1984, the Commission reaffirmed its April 29, 1983 decision and specifically stated as its reasons petitioner's failure to: (1) complete a project calling for the ongoing repair or replacement of rusted panels on dump trucks and cabs of Mack trucks; (2) prepare an evaluation and estimate of repair for an O'Brien Sewer Flusher; (3) implement, in a timely fashion, the removal of an underground oil storage tank which the State Fire Marshall had directed was to be removed; (4) communicate effectively to his subordinates the proper manner for completing forms which advise the Department's mechanics of what repairs are needed on a particular piece of equipment. These, the Commission found, were all work-related shortcomings, of which petitioner was made aware, which are directly attributable to him, and which he should have taken measures to correct but did not. This appeal followed.

On appeal, petitioner contends that the denial of back pay resulted from the application of an erroneous standard of law by the Commission and is not supported by substantial competent evidence on the record. He argues that he inherited a crisis situation which brought with it difficult problems of equipment and staffing and which were beyond his control. Because a denial of back pay must be based on criteria which are job-related and which touch in some way upon a person's competency and ability, *Elias v. Department of Public Welfare, Polk Center,* 70 Pa. Commonwealth Ct. 255, 452 A.2d 1127 (1982), petitioner alleges that the Commission erred here in basing a denial on evidence which is irrelevant to his capabilities as a Highway Equipment Manager III. Peti-

---

[1] See opinion at 81 Pa. Commonwealth Ct. 508, 473 A.2d 1145 (1984).

tioner further alleges that the severity of the penalty, denying eleven months back pay, amounts to an abuse of discretion.

This Court has held that the Commission enjoys a wide discretion in granting reinstatement without back pay. *Feigenberg v. Commonwealth, Department of Labor and Industry,* 33 Pa. Commonwealth Ct. 570, 382 A.2d 498 (1978). We will overturn the Commission's denial of back pay only if its finding of job-related fault is unsupported by substantial evidence or if its conclusion is capricious in light of the evidence. *Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A. 2d 304 (1978). Even where facts on the record do not justify a suspension or removal, the Commission may reinstate a person without back pay if it believes that the facts warrant such action. *Eash v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975).

We find that the Commission did not err in its adjudication. The evidence on the record amply supports the Commission's conclusion that the Department's problems were a result of petitioner's administrative incompetence. Petitioner had knowledge of the problems and failed to take steps to remedy them. The Commission was therefore, well within its discretion in denying back pay for an eleven (11) month period.

The Commission's adjudication is, therefore, affirmed.

## Order

And Now, June 19, 1985, the order of the Pennsylvania Civil Service Commission, No. 4009, dated June 20, 1984, is affirmed.