42

Commonwealth of Pennsylvania, Department of Health *v.* Thomas C. Howell, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Richard L. Kearns,* with him *Joseph G. Skelly,* and *Ball & Skelly,* for appellant.

*Jennifer A. Stiller*, Assistant Attorney General, with her *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 15, 1976:

This is an appeal by Thomas C. Howell from an order of the State Civil Service Commission which sustained the Secretary of Health's removal of Howell from his position of Administrative Officer II, regular status, effective January 21, 1975. The issues in this case are whether the Commission's findings are supported by substantial evidence and whether the Commission's findings support its conclusions that there was just cause for Howell's removal. We affirm.

Howell was an employe of the Department of Health, Office of Deputy Secretary for Administration for six years. By letter dated January 6, 1975, the Secretary of Health notified Howell of his removal from his job effective January 21, 1975, pursuant to Section 807 of the Civil Service Act.[1] The letter stated that the reason for the removal was "your unsatisfactory work performance." On February 24, 1975, the Secretary issued an amended notice of removal[2] which stated:

"The reason for this action is your unsatisfactory work performance, particularly your inability to work with others. This inability has prevented you from successfully carrying out your administrative and other responsibilities."

_____

1. Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807, reads as follows:
"No regular employe in the classified service shall be removed except for just cause."

2. Howell does not question the adequacy of his notice of removal and, therefore, that issue is not before us. *But see* 4 Pa. Code §105.3 and *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974).

Howell appealed to the Civil Service Commission under Section 951 (a) of the Civil Service Act.[3] The Commission's adjudication included the following pertinent findings of fact:

"12. Appellant was unable to work with personnel in the regional offices to which he was assigned.

13. Appellant had difficulty with personnel in the Lewistown Regional Office.

14. Two doctors in the Regional Office at Pittsburgh were dissatisfied with appellant in that office and requested his removal.

15. Appellant declined to accept a work assignment with the Deputy Secretary for Health Systems Development.

16. Appellant was assigned to Norristown and within a month the Regional Director complained of appellant's attitude toward the staff and his treatment of them."

In his appeal to this Court Howell contends (1) that the Commission's findings are not supported by substantial evidence, and (2) that even if the findings are supported, the Commission erred by deciding that there was just cause for Howell's removal.

Our scope of review is limited to a determination of whether the Commission erred as a matter of law or violated Howell's constitutional rights and whether the findings necessary to support the Commission's adjudication are supported by substantial evidence.[4] Decisions concerning the credibility and weight to be given evidence are for the Commission rather than this Court.[5]

---

3. 71 P.S. §741.951 (a).

4. *See* Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.44.

5. *Kaplan v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974).

Howell was discharged because of his "inability to work with others." We believe that the findings necessary to support the Commission's adjudication are findings 13, 14 and 16, quoted above. Finding 12 is merely a generalization which summarizes the more specific findings Nos. 13, 14 and 16. Finding No. 15 is not relevant because Howell was not discharged for refusing a work assignment, and because there is nothing in the record to indicate that the refusal to accept the assignment was caused by or related to Howell's inability to work with others. Findings 13, 14 and 16 are the only specific findings concerning Howell's alleged "inability to work with others."

Howell's supervisor was Brydon Lidle, Deputy Secretary for Administration. Lidle testified that shortly after Howell was assigned to Lewistown, the Regional Director asked that Howell be relieved of his assignment. Lidle testified that the relationship between Howell and the Regional Director in Lewistown had "broken down." A memo from the Regional Director in Lewistown to Lidle was introduced into evidence and provided corroboration for Lidle's testimony.

Lidle testified that after Howell was assigned to the Regional Office in Pittsburgh, two doctors from that office made several phone calls to Lidle to complain about Howell. The Regional Director of the Pittsburgh Office, Dr. Washburn, testified for Howell and stated that he did satisfactory work. Washburn admitted, however, that the two doctors (both were District Directors) who complained to Lidle, also complained to her about Howell's "tactics." Washburn testified that one District Director admitted to her that he did not like Howell and stated to her that Howell used heavy-handed tactics which tended to destroy the District Director's dignity. Howell's "Performance Evaluation Reports" for the years 1972-1973 and 1973-1974 specifically mentioned his inability to get along with people. Howell signed these reports and

was given an opportunity to discuss them with his superior, Brydon Lidle.

Dr. Lear, who was Howell's direct superior in Norristown testified as follows:

"In the one month that he [Howell] was with us, I received from some fifteen or so of my professional people at least ten complaints about his relationship to them. This was an unbelievably large number of complaints. In my entire experience, I have not had that many complaints about an individual in such a short period of time. They were all related to his attitude."

Dr. Lear wrote a memo to Brydon Lidle which set forth details concerning Howell's inability to work with others, and which recommended that Howell be placed in a position which would not require him "to interact with or direct the activities of others." We conclude that the findings necessary to support the Commission's adjudication are supported by substantial evidence.

Howell argues that the Commission's findings do not support its conclusion that he was properly discharged for "just cause." We do not agree. The reasons for Howell's discharge had to be based upon merit criteria. The criteria must be job related and must affect competency and ability.[6] We believe that "ability to get along with others" is a job-related criteria which can affect competency and ability. The category "Relationship With People" is specifically set forth on the standard performance evaluation forms along with other job-related criteria. We do not mean to imply that all civil service administrators must be beloved by their fellow employes but we do believe that an administrator is not effectively performing his duties if he alienates and offends the people with whom he works. The Commission concluded that Howell's

---

6. *See McClelland, supra* note 2, and *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971).

inability to get along with others constituted just cause for his removal. We hold that this conclusion was not an error of law. We therefore

### ORDER

AND NOW, this 15th day of March, 1976, the order of the State Civil Service Commission, dated June 2, 1975, sustaining the removal of Thomas C. Howell from his position of Administrative Officer II, regular status, is hereby affirmed.