Department of Justice, Appellant *v.* Frank V. Brinser, III, Appellee.

Argued June 10, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and BLATT, sitting as a panel of three.

*Howard M. Levinson,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*James G. Morgan, Jr.,* with him *Hepford, Zimmerman & Swartz,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 21, 1976:

The Department of Justice (Appellant) appeals an adjudication of the Civil Service Commission (Commission) which modified a decision of the Attorney General removing Frank V. Brinser, III (Appellee) from his position as Drug Investigator I, regular status. We reverse.

Appellee was removed from his position with the Bureau of Drug Control as a result of a confrontation between himself and Agent Glendon.[1] After Appel-

---

[1] The background of the removal of both Agent Brinser and Agent Glendon is set out in a letter sent by Appellee to the Executive Director of the Commission:

"When Agent Glendon entered the hotel room, it was an unexpected visit and one that proved to be an interference to this agents [sic] duties. This agent tried several times to get Agent Glendon to leave the room, and each time was ignored and shown greater resentment. Agent Glendon appeared to be heavily under the influence of alcohol, and all verbal warnings only made him more offensive and harder to control.

"Agent Glendon threatened the life of this agent several times, and became very offensive and started to grab and push this agent around.

lee's removal hearing, the Commission found that there was not "just cause" for his removal.[2] This adjudication overruled a decision of the Attorney General; however, the Commission did find there was good cause for suspension and accordingly modified the Attorney General's decision.[3]

The Commission's adjudication was tousled. While it stated the evidence was insufficient to warrant removal and while it clearly ordered reinstatement, it also noted that the evidence was sufficient to suspend Appellee for good cause. This allusion to a suspension was lamentable because it implied that the suspension was being imposed for the very conduct censured by the Attorney General.

In *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 8, 301 A.2d 427, 428 (1973), "[t]he Commission found that the evidence presented by DPW was not 'sufficiently substantial to sustain removal of appellant [Dr. Baron] from his position. . . .' ", but it also found that "[t]he evidence of the appointing authority supports a misuse of the medical assistance program in a minor degree sufficient to justify a disciplinary action of suspension of appellant as Psychiatric Physician II."

Further, what was before us in *Baron* was Dr. Baron's appeal "to this Court from the Commission's

"Under the circumstances, this agent did not personally know if Glendon was speaking from being under the influence of alcohol, or whether he had a personal grudge against this agent. After several attempts to get Agent Glendon to leave the room, this agent stated he was not going to take any more of Glendon's threats and could prove to Glendon that he was not as tough as he talks, or tries to act. At this point, I pulled a knife and placed it near Glendon's throat and warned him that he could have just been killed and he should not act in this manner when he cannot control himself on the street or somebody could really hurt him for real."

[2] *See* Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

[3] Section 803 of the Civil Service Act, 71 P.S. §741.803.

denial of back pay,'' not as in the case at bar, the employer's appeal of the reinstatement order.

Here, the Commission found that the evidence presented by Appellant established the case as Appellant understood it to be. The Commission's only reason for reinstatement was "because of his outstanding record as a Drug Investigator, and not to minimize the gravity of his action.''

Consequently, the Commission erred when it concluded as a matter of law that Appellee was suspended for "good cause" and not removed for "just cause." Having decided the Commission erred in modifying the decision of the Attorney General as such, we need not reach the other issue raised.

Therefore, we

ORDER

AND Now, this 21st day of September, 1976, the adjudication of the Pennsylvania Civil Service Commission is reversed and the appeal of the Department of Justice is hereby sustained.

DISSENTING OPINION BY JUDGE, BLATT:

I must respectfully dissent. In reversing the action of the Civil Service Commission (Commission) in this case, the majority relies upon this Court's decision in *Baron v. Civil Service Commission,* 8 Pa. Commonwealth Ct. 6, 301 A.2d 427 (1973). The two cases are remarkably similar but here the Court reverses the Commission whereas in *Baron* we affirmed.

Both here and in *Baron* the Commission concluded that the civil service employer lacked sufficient evidence to justify dismissal of the employee involved, and that the evidence warranted only a suspension. The Commission, therefore, both here and in *Baron,* ordered reinstatement of the employee without back pay, an order which, of course, brings about the same

effect as would have resulted from a suspension by the employer in the first place. Here the Court finds that the Commission had no power to take such action, but in *Baron* we concluded otherwise:

"The Commission's adjudication is confusing because, while it states that the evidence was insufficient to warrannt a dismissal and while it clearly orders reinstatement, it also notes that the evidence would warrant a suspension. This reference to suspension is unfortunate in its possible implication that a suspension was being imposed, for, of course, the Commission has no authority to order a suspension in lieu of dismissal. Warner v. Civil Service Commission, 5 Pa. Commonwealth Ct. 169, 289 A.2d 519 (1972). *The adjudication here, however, can be understood and affirmed without any such implication, for it clearly orders a reinstatement, not a suspension. And, although the accompanying denial of back pay imposes a penalty similar to that which would have accompanied a departmental suspension without pay, such penalty is within the Commission's power to impose, especially when, as here, its imposition indicates no abuse of discretion.*" 8 Pa. Commonwealth Ct. at 9, 301 A.2d at 429. (Emphasis added.)

In describing the Commission's action in this case, the majority curiously paraphrases our language in *Baron* but, rather than affirming as in *Baron,* the majority reverses and upholds the dismissal of the employee. I believe that the Commission's order should be affirmed in keeping with our prior opinion in *Baron.*