David W. Kunkle, D.D.S., Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Respondent.

Argued September 11, 1978, before Judges WIL-
KINSON, JR., ROGERS and CRAIG, sitting as a panel of
three.

*E. Charles Coslett,* for petitioner.

*David Dewees,* with him *Louis B. Rubin,* Assistant
Attorney General, and *Robert P. Kane,* Attorney Gen-
eral, for respondent.

OPINION BY JUDGE ROGERS, October 24, 1978:

David W. Kunkle, a licensed dentist, has appealed
from an order of the State Dental Council and Ex-
amining Board (Board) revoking his license to prac-
tice his profession. We affirm the Board's action.

On February 23, 1977, the Board issued a Citation
and Notice of Hearing charging Kunkle with the vio-
lation of Section 33.41 of the Rules and Regulations
of the State Dental Council and Examining Board, 49
Pa. Code §33.41 and of Section 10 of The Dental Law,
Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. §129.

Section 33.41 of the Rules and Regulations pro-
vides:

(a)   A legally licensed and registered den-
tist may delegate to competent auxiliary per-
sonnel those procedures for which the dentist

exercises direct supervision and full responsibility, except as follows:

(1) Those procedures which require professional judgment and skill such as diagnosis and treatment planning and the cutting of hard or soft tissues or both or any intra-oral procedure which would lead to the fabrication of an appliance which, when worn by the patient, would come in direct contact with hard or soft tissue and which could result in tissue irritation or injury.

(2) Those procedures allocated by the act to registered dental hygienists.

(b) Direct supervision shall be interpreted to mean that the dentist must see the patient, assign the work and check its progress and completion.

Section 10 of The Dental Law, pertinently provides:

It is unlawful for any person to practice dentistry, or to hold himself or herself out as a practitioner of or entitled or authorized to practice dentistry, or to assume any title of 'dentist', 'dental surgeon', or other letters or titles in connection with his or her name which in any way represent him or her as being engaged in the practice of dentistry or authorized so to do, unless he or she has been duly licensed, registered, and authorized to engage in such practice under the provisions of this act.

. . . .

It is unlawful for a person practicing dentistry to employ a dental hygienist as his or her assistant unless such assistant is licensed and registered as a dental hygienist as required by this act and the rules and regulations of the board.

It is unlawful for any dentist to permit any dental hygienist operating under his general supervision to perform any operation other than those included within practice as a 'Dental Hygienist,' as defined by section two of this act. (Footnote omitted.)

The charges against Kunkle grew out of information received by the Board that Kunkle employed a Mr. Vlk Szabo, who was not a licensed dentist or a dental hygienist, and that he permitted Szabo to perform certain procedures requiring professional judgment and skill and operations forbidden to persons other than dentists themselves. At the Board's hearing five persons, one an investigator of the State Bureau of Professional and Occupational Affairs, testified as to visits to Dr. Kunkle's office during which they were treated solely by Szabo. The procedures assertedly performed by Szabo and by him alone, included pulling teeth, injecting novocaine, drilling and filling teeth, taking wax impressions, and repairing and adjusting dentures. The evidence presented to refute this testimony consisted of the testimony of Dr. Kunkle and Szabo, both of whom simply denied that Szabo had performed any of those procedures on any of those persons. The Board found that Dr. Kunkle had permitted Szabo to perform the procedures described by the patient-witnesses and concluded that Dr. Kunkle had violated Board Rules and Regulations and the Statutes, as charged, and revoked his license. Dr. Kunkle then appealed to this Court.

Dr. Kunkle first says that the Board's findings as to his culpability are not supported by the evidence of record. We have reviewed the record and conclude that the Board's findings are supported by substantial evidence. It is apparent that the Board believed the patients and rejected Dr. Kunkle's and Szabo's refutation—a simple matter of the evaluation of the

credibility of the witnesses, a function belonging solely to the fact finder. *Pennsylvania Department of Health v. Howell*, 24 Pa. Commonwealth Ct. 42, 354 A.2d 21 (1976).

Dr. Kunkle also argues that the Board abused its discretion in imposing the severe penalty of revocation. We cannot agree. Section 3(i) of The Dental Act, 63 P.S. §122(i) empowers the Board:

> To suspend and revoke, by majority action of the entire board, the license or registration of any licensee who has been guilty of a crime or misdemeanor involving moral turpitude; or of a violation of any of the provisions of this act; or of fraudulent or unlawful practices, or fraudulent, misleading or deceptive representations, or of unprofessional conduct, detrimental or dangerous to the public health, safety, morals or welfare; or of wilful or gross malpractice or neglect; . . . .

This Court has held that "It is clear from a reading of Section 3 of the [Dental] Act that the Board is essentially a watchdog of the dental profession, empowered to maintain the high standards which the people of this Commonwealth have a right to expect from their dentists." *State Dental Council and Examining Board v. Friedman*, 27 Pa. Commonwealth Ct. 546, 551, 367 A.2d 363, 366 (1976). There is nothing in this record which impels us to the conclusion that the penalty here imposed by the Board was other than the exercise of a sound discretion.

Order affirmed.

ORDER

AND Now, this 24th day of October, 1978, the order of the State Dental Council and Examining Board dated May 6, 1977 revoking David W. Kunkle's license to practice dentistry is hereby affirmed.