Clarice W. Omelchenko, Petitioner *v.* Housing Authority of the County of Lebanon, Respondent.

Housing Authority of the County of Lebanon, Petitioner *v.* Clarice Omelchenko, Respondent.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Timothy D. Sheffey, Egli, Reilly, Wolfson & Feeman,* for Clarice W. Omelchenko.

*Jeffrey A. Keiter, Keiter and Farrell,* for Housing Authority of the County of Lebanon.

OPINION BY JUDGE ROGERS, April 13, 1981:

These cases are an appeal and a cross appeal from an order of the Civil Service Commission which ordered that Clarice W. Omelchenko be reinstated without back pay to her position with the Housing Authority of the County of Lebanon (Authority). The Authority has appealed that portion of the order requiring reinstatement while Ms. Omelchenko has appealed the Commission's denial of back pay.

Ms. Omelchenko, the Director of Tenant Relations for the Authority, was removed from her position on charges of habitual lateness in the submission of her time sheets and those of other employees of the Housing Authority; failure to submit monthly reports to the Board of Directors on schedule; failure to submit weekly activity reports; and with having lost the confidence of the Housing Authority's constituents, its tenants. After hearing, a majority of the Civil Service Commission (Chairman McCarthy dissented) found as facts that Ms. Omelchenko: "was frequently late with her monthly time sheets", "was late with reports to the Board in January 1978 and September 1978", "failed to turn in CETA time sheets in a timely manner: and although "requested to submit a weekly report of her activities [but] did not submit the weekly report, but kept notes which she could

not find time to type". The Commission also found that the "appellant admitted her reports were late" and that the "ill will [of the tenants] was engendered by an account of a meeting which appeared in a newsletter edited by appellant".

Clearly each of the charges and each of the findings of the Commission supporting the charges relates to the merits of Ms. Omelchenko's performance of her duties as Director of Tenant Relations. The charges and the findings therefore demonstrate that the Housing Authority had just cause for removing Ms. Omelchenko, as it alone is empowered to do by Section 807(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.

The majority of the Commission, despite its findings just described and despite conceding in its adjudication that "appellant was not without fault" and had demonstrated "laxity", ordered her reinstatement either, as we understand the adjudication, because it thought the Housing Authority was unduly influenced by its tenants' poor opinion of Ms. Omelchenko's performance[1] or because it believed that the

---

[1] The Commission found that the "precipitating cause" of Ms. Omelchenko's dismissal was a meeting with the Housing Authority Board of Directors and a delegation of tenants dissatisfied with her work. The expression "precipitating cause" occurs in the testimony of Melvyn Kaplan, Executive Director of the Authority. The majority of the Commission has picked up this phrase and suggests that it demonstrates that other alleged deficiencies in Ms. Omelchenko's performance were mere sham or makeweight. Mr. Kaplan clearly used the phrase in a quite different sense—that is, as the triggering event for the dismissal or the straw that broke the camel's back. Any implication that the other reasons for dismissal were a sham or makeweight is without semantic or evidentiary support. Moreover, the Commission offers no reason why the inability of Ms. Omelchenko to get along with the tenants she was hired to serve would not be itself just cause for her dismissal. *Cf. Pennsylvania Department of Health v. Howell*, 24 Pa. Commonwealth Ct. 42, 354 A.2d 21 (1976).

Housing Authority took too serious a view of Ms. Omelchenko's derelictions.

The following sentence appears in the Commission majority's opinion: "That is not to say that appellant was faultless or that disciplinary action such as written reprimand or suspension might not have been justified at prior time based on her laxity in processing the reports". It is clear that the Commission has simply substituted itself for the appointing authority, as the disciplinary authority; and by reinstating Ms. Omelchenko without back pay, meted out the suspension it believed the Housing Authority should have imposed. This we believe it was without power to do. We said in *Baron v. Civil Service Commission*, 8 Pa. Commonwealth Ct. 6, 9, 301 A.2d 427, 429 (1973), "the Commission has no authority to order a suspension in lieu of a dismissal". *See also Department of Justice v. Brinser*, 26 Pa. Commonwealth Ct. 255, 364 A.2d 511 (1976). If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the appointing authority's disciplinary action. Only if the charges are not made out, may the Commission modify the appointing authority's action by reinstating the employee—with or without back pay.

The Civil Service Commission's duty in this case was to make the record, find the facts and determine as a matter of law whether its findings require the conclusion that the employee was removed for just cause. Having, as it did, made findings that Ms. Omelchenko had done the things charged, the Commission's duty was simply to apply the law, that is, to decide whether the charges and the findings describe matters which are just cause for removal. Since in this case those matters clearly demonstrate

poor performance of work, the Commission was required under the law to uphold the appointing authority's decision that removal was the appropriate discipline.

It is unnecessary to discuss the issues raised by Ms. Omelchenko's appeal complaining of the Commission's denial of back pay.

We therefore enter the following order:

### ORDER

AND Now, this 13th day of April, 1981, the order of the Civil Service Commission is reversed and the appeal of Clarice Omelchenko is dismissed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

It seems to me that the majority's opinion usurps the role of the factfinder in overlooking a critical finding by the Commission that the instances of Ms. Omelchenko's poor performance, as outlined in the opinion, were *not* the actual reasons for her removal. The Commission found as follows:

Appellant has admitted to laxity in processing time sheets and various reports. However, *it is clear that this was not the grounds (sic) for her removal.* Appellant's removal, as was testified, was occasioned by some tenants meeting with the Chairman of the Housing Authority. Accusations of using a refrigerator for personal food and use of a community room, and what would appear to be a long-standing feeling that one housing group was favored over another, hardly justify a removal. (Emphasis added.)

The Commission also found that the instances of poor performance delineated by the Authority were compiled only *after* the Authority made its decision to remove Ms. Omelchenko. The Authority seems to me to have been unconcerned with the other instances of poor performance, such as the late time reports, for these did not adversely reflect upon Ms. Omelchenko's work performance.

I believe that the Commission was correct, therefore, in concluding as a matter of law that these instances did not touch upon her competence or ability and that they could not, as a result, constitute "just cause" for her removal. *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 279 A.2d 368 (1971).