Agnes H. Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Robert W. Barton, Killian & Gephart,* for petitioner.

*Christine S. Dutton,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 27, 1982:

Agnes H. Lewis appeals the order of the State Civil Service Commission upholding the action of the Department of Health removing her from her position as District Nurse Administrator and Public Health Nurse IV with regular civil service status.

Ms. Lewis' removal was based on a charge of mismanagement and abuse of responsibilities. At the hearing before the commission, the department, to meet its burden of proving just cause for Ms. Lewis' removal,[1] alleged that on four separate instances Ms. Lewis had reported hotel stays which she never made and had allowed her supervisor to use her state hotel

---

[1] Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807, provides that "[n]o regular employe in the classified service shall be removed except for just cause."

orders in violation of department regulations. Ms. Lewis denied the allegations, but the commission found that the department had proved all four instances of misconduct and sustained Ms. Lewis' removal.

On appeal, we decided that only one instance of misconduct, involving the use of a hotel order on the nights of August 14 and 15, 1978, was supported by substantial evidence. *Lewis v. Department of Health,* 63 Pa. Commonwealth Ct. 148, 437 A.2d 811 (1981). We therefore remanded this case to the commission to reconsider whether reinstatement with or without back pay, rather than removal, was warranted.

The commission determined that the single instance of misconduct was just cause for Ms. Lewis' removal and again affirmed the department's action.

Ms. Lewis now asserts that the commission's findings with respect to the August incident, are not supported by substantial evidence. We have, however, already held that, although our conclusion would have differed from that of the commission, there was substantial evidence to support those findings. *Lewis,* 63 Pa. Commonwealth Ct. at 154, 437 A.2d at 814.

When the commission finds that a charge is true, the commission's power and duty then is to determine if the charge constitutes just cause for removal. If the charge, as established, involves the merits of the employee's work performance, there can be just cause for removal and the commission must uphold the appointing authority's disciplinary action. Only if the charges are not made out may the commission modify the appointing authority's action by reinstating the employee, with or without back pay. *Omelchenko v. Housing Authority of Lebanon County,* 58 Pa. Commonwealth Ct. 494, 428 A.2d 274 (1981). Here, the charge as to the August incident is directly related to

the proper execution of Ms. Lewis' responsibilities and was, therefore, just cause for dismissal. Therefore, the commission did not abuse its discretion by affirming the dismissal; the commission acted in accordance with *Omelchenko*.

This court understandably examines a case with extra care when we encounter the imposition of the same sentence for only one of several offenses, when all charges except that one have been dismissed upon a previous appeal. We do not hesitate to say that we would strike down any such final penalty in the presence of any evidence of retributory action by a regulatory agency.

However, when a disciplinary body lets an employee's discharge stand for a remaining offense, after earlier upholding it for several offenses, we also must recognize that the initial discharge action may have been deemed well-founded upon only one of the several charges then presented. That was our recent conclusion in *Clark v. Pittsburgh Civil Service Commission*, 68 Pa. Commonwealth Ct. 273, 449 A.2d 81 (1982) where we held that a firefighters' trial board did not abuse its discretion when it imposed the same penalty for a finally confirmed charge of fighting as it had earlier imposed for the twin charges of fighting and insubordination.

Accordingly, we must affirm the decision.

## Order

Now, December 27, 1982, the order of the Pennsylvania State Civil Service Commission, Appeal No. 2764, dated April 23, 1982, is hereby affirmed.

---

Dissenting Opinion by Judge Blatt:
I must respectfully dissent.

I believe that the Commission manifestly abused its discretion in determining that this single instance of misconduct warranted a removal rather than a reinstatement without back pay.

The majority believes that *Omelchenko v. Housing Authority of Lebanon County,* 58 Pa. Commonwealth Ct. 494, 428 A.2d 274 (1981), dictates that the Commission, in exercising its discretionary power, may not modify the appointing authority's order from removal to reinstatement of the employee with or without back pay in the instant matter. That case, however, involved a *number of charges* against an employee which were found to be supported by substantial evidence at all levels. Here, only *one* of the "number of charges" was found to be supported by substantial evidence and upon remand, the Commission then had the discretionary power to modify the penalty imposed. *Cf. Borough of Bristol v. Downs,* 48 Pa. Commonwealth Ct. 46, 409 A.2d 467 (1979) (Commission had limited discretion to modify penalty imposed by Borough when all charges were not made out). The Commission, however, failed even to consider a reinstatement with or without back pay, as evidenced by its statement of the issue upon remand: "the sole question remaining for consideration by this Commission is whether appellant's falsification of [sic] August, 1978, travel expense voucher, by itself, constitutes [sic] basis for a finding of just cause for *removal* of appellant from her regular status position." (Emphasis added.)

The Commission, therefore, has erred in failing to exercise its discretionary power. Accordingly, I believe that this Court should rectify that error by ordering the reinstatement of the petitioner without back pay.