Donald D. Smith, Petitioner *v.* Commonwealth of Pennsylvania, State Horse Racing Commission, Respondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Bruce E. Cooper,* for petitioner.

*Bart J. DeLuca, Jr.,* Deputy Attorney General, with him *Allen C. Warshaw,* Deputy Attorney General, *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 3, 1983:

The Pennsylvania State Horse Racing Commission (Commission), by order, suspended Donald Smith for thirty days.[1] He appeals. We affirm.

The basic facts are not in dispute. Smith's mount, Stoic Link, while being put in the starting gate began rearing and acting up. An assistant starter put Stoic Link's head into the gate, but Smith and the starter signalled that they were not ready to start the race. Nonetheless, the race began with Smith's horse rearing slightly and veering right upon leaving the gate. Smith fought to control her, but was unable to do so until the field was approximately 20 lengths ahead of

---

[1] After the adjudication issued by the hearing officer, reducing Smith's suspension from thirty days to five days, counsel for Smith brought to the Commission's attention the fact that he had requested oral argument which was inadvertently not scheduled before the issuance of the adjudication. The Commission thus vacated the five day suspension, granted oral argument and then reinstated the thirty day suspension.

him. He finished the race at a gallop, making no serious effort to catch the field.

The Commission concluded that this failure to urge his horse on, even in the face of certain defeat, constituted a violation of two Commission rules which provide:

Rule 11.22

All horses shall be ridden out in every race. No jockey shall intentionally ride wide on the turns or otherwise cause his or her mount to lose ground when there is no reasonable cause for such loss or otherwise ride in a manner inconsistent with using the best efforts of the horse.

Rule 11.23

A jockey shall put forth every reasonable effort and exercise the greatest diligence in riding a race. If, in the opinion of the Stewards, a jockey does not put forth every reasonable effort or use proper diligence in the riding of a race, such jockey shall be penalized by the Stewards according to the gravity of the offense.

Smith concedes that he did not use his best efforts in finishing the race, but argues that he had good reason for doing so. He contends that, to even catch the field after his faulty start, he would have had to abuse his mount.[2]

In reviewing the Commission's decision, we are limited to determining if constitutional rights were violated, the adjudication is in accord with the law, procedural rules were complied with or the necessary

---

[2] Testimony given by Smith and others and acknowledged by the Commission was that Stoic Link suffered from breathing problems and a tender mouth. The tender mouth may have been the cause of the horse misbehaving and the breathing problems were cited as Smith for the reason that he failed to urge his horse to the fullest.

findings of fact are supported by substantial evidence. *Peterson v. Pennsylvania State Horse Racing Commission,* 68 Pa. Commonwealth Ct. 353, 356, 449 A.2d 774, 776 (1982).

Although there was some dispute in the testimony as to whether Stoic Link was ready to start the race, the Commission concluded that:

> 6. Although testimony indicates that the Appellant was shouting "No way" several times before the starting gate was opened, it is not clear that the Appellant was not afforded a good start based upon the films which indicate that the head of the horse was straight and appeared to be prepared at the time the gate was opened.

Thus, this case turns on whether once the race began, Smith, as a jockey, had the discretion to decide not to run the race to the fullest. The Commission concluded:

> 8. The films further indicate that Mr. Smith, upon leaving the starting gate, took no substantial action to ride out his horse in the race and failed to put forth every reasonable effort and exercise the greatest diligence in riding the race.
>
> . . . .
>
> 10. Jockey Donald Smith testified that he did not ride the horse out after getting the horse under control in view of his position in the field and in view of the fact that he sincerely believed that he had "no chance" of finishing in the money.

Although we are sympathetic with Smith's position, we are also bound by our scope of review and the intent of the legislature in creating the Commission.

> The Act reflects a clear legislative policy to vest the Commission with broad general supervisory

powers over the previously unlawful activity of thoroughbred horse racing. . . . The express purpose of the Act is to provide for and regulate thoroughbred horse racing and pari-mutuel wagering thereon. A pervasive system of regulation and supervision of this *otherwise criminal activity* was thus contemplated by the Commission's broad legislative mandate. . . .

*Gilligan v. Pennsylvania State Horse Racing Commission,* 492 Pa. 92, 96-7, 422 A.2d 87, 89-90 (1980). (Emphasis in original.) The Commission concluded that the decision as to whether or not a horse is out of the race is not for the jockey. "The rules, on the contrary, quite plainly require a jockey to ride a horse out in every race. Of no little significance in this regard are the interests of the betting public." We agree with the Commission. We must give great deference to an administrative agency's interpretation of its own rules and regulations. *Id.* at 98, 422 A.2d at 91.

Smith also argues that the thirty-day suspension is excessive and constitutes an abuse of discretion by the Commission. We cannot agree. There is substantial evidence to support the Commission's suspension and we will not substitute our judgment. *See Lewis v. Department of Health,* Pa. Commonwealth Ct. , 453 A.2d 713 (1982).

Affirmed.

### ORDER

The order of the Pennsylvania State Horse Racing Commission, No. 79-087 dated April 2, 1980, is affirmed.

———

DISSENTING OPINION BY JUDGE DOYLE:

I would reverse the order of the Commission. Smith was suspended for his violation of rules 11.22 and 11.23 of the Commission's Rules of Racing. These

rules are set forth at 58 Pa. Code §163.238(a) and (b) under the heading "Influencing outcome of race." I believe this heading properly describes the context within which Smith's conduct should be examined. Through no fault of his own, Smith was unable to control his mount until the field was about twenty lengths in the distance. At that point, regardless of the course of conduct he chose, Smith was effectively precluded from influencing the outcome of the race. Under Rule 11.23, the affirmative burden on each jockey is to use every *reasonable* effort and exert *proper* diligence. Given the facts herein, I am convinced that it was reasonable for Smith to act in such a manner which would avoid aggravating his mount's breathing problems when the race was lost for his mount from the very beginning.