West Chester State College, Petitioner *v.* Richard Stein, Respondent.

Argued September 16, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Wayne M. Richardson,* for petitioner.

*David F. Bortner, Parke, Barnes, Byrne & Spangler,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 14, 1983:

West Chester State College appeals to this Court to reverse an order of the Civil Service Commission which reinstated Richard Stein, after the college had dismissed him for his professional misdeeds. Our review of the record and pertinent case law leads us to affirm.

By letter dated July 8, 1980, the Vice President for Administration and Student Affairs of West Chester State College terminated Richard Stein from his position as Photographic Specialist II for misuse of a service purchase contract between the college and The Camera Shop. Specifically, the violations consisted of: (1) charging the college for film processing at The Camera Shop that was not related to his official duties, (2) charging the college for the processing of personal film for other staff members, and (3) charging the college for the purchase of a radio, a watch, and a telephoto lens for his personal use.

Stein appealed his termination to the Civil Service Commission, which concluded, after a hearing, that Stein was improperly removed, but that payment of lost wages was not justified. In so doing, the Commission made the following pertinent findings:

8. Appellant made use of the appointing authority's account with the Camera Shop to purchase two (2) cameras, two lenses, a radio and a watch using the appointing authority's funds.

9. During the period of the service purchase contract, appellant submitted for processing both his own film and that of other employes of the appointing authority.

10. At no time during appellant's employment did the appointing authority promulgate or inform appellant of instructions defining those official college photographs to be handled by him in the performance of his duties.

11. Appellant's supervisor instructed him to purchase the cameras, lenses, radio and watch. Appellant's supervisor also instructed appellant to process her personal film under the appointing authority's service purchase contract.

In discussing the findings, the Commission noted, significantly, that the college had failed to prove that Stein had personally benefited from his actions. The Commission made a clear determination that Stein's testimony that he acted under the instructions of his supervisor was credible, and that his reliance upon those instructions was reasonable, thus vitiating the alleged good cause for his removal.

The college appeals that determination to this Court, asking us to ascertain: (1) whether the record contains substantial evidence to support the charges, (2) whether Stein's conduct constitutes just cause for his dismissal, and (3) whether the Commission abused its discretion by setting aside Stein's termination. In examining these questions, we bear in mind that this Court will not substitute its judgment for that of the Commission absent error of law, a violation of constitutional rights, or a determination that a necessary finding of fact was not supported by the evidence. *Laurito v. Department of Transportation,* 62 Pa. Commonwealth Ct. 406, 436 A.2d 1236 (1981).

Both parties direct the attention of the Court to *Omelchenko v. Housing Authority of Lebanon County,* 58 Pa. Commonwealth Ct. 494, 428 A.2d 274 (1981), in which the employee was terminated by the appointing authority for habitial lateness in submitting the time

sheets for which she was responsible, failure to submit monthly and weekly activity reports in a timely manner, and having lost the confidence of the authority's tenants. The Commission made findings which supported each of the charges, but reinstated the employee, apparently[1] concluding that the charges were merely a "sham or makeweight" for the true reason for her dismissal—the poor opinion of the tenants. Upon appeal, this Court reversed, stating:

> If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the appointing authority's disciplinary action. Only if the charges are not made out, may the Commission modify the appointing authority's action by reinstating the employee —with or without back pay.

*Id.* at 497, 428 A.2d at 275-76.

Appellant college argues to this Court that *Omelchenko* "stands four square" with the case *sub judice,* in that there, as here, the Commission bottomed its modification of the punishment upon a hazy notion of equity, rather than the weight of credible evidence. In support thereof, the college asserts that the only testimony which supported the Commission's position was that of Stein himself, who was entitled to no credibility. Unfortunately, this Court finds no merit in such an argument, first, because the position of the Commission as fact-finder and resolver of credibility issues is unassailable, *Appeal of Corropolese,* 55 Pa. Commonwealth Ct. 55, 423 A.2d 28 (1980), and second, because the standard which the Commission must meet in making findings is that they be supported by *sub-*

---

[1] "Any implication that the other reasons for dismissal were a sham or makeweight is without semantic or evidentiary support." *Omelchenko* at 496, 428 A.2d at 275, N.I.

*stantial* evidence, *not* by the weight of credible evidence. *City of Meadville v. Neff,* 69 Pa. Commonwealth Ct. 259, 450 A.2d 1078 (1982).

The Commission was aware that it was faced with a credibility issue, and so noted on the record at the hearing. It resolved the issue in Stein's favor, and based its findings on his testimony. Those findings do not support the charges, in that the Commission: (1) did not find that Stein charged the college for the processing of his and other employees' film, (2) did not find that the radio, watch, and lens were purchased for his personal use, and (3) did find that certain personal film of others, *i.e.* Stein's supervisor, was processed and charged to the college on the instructions of the supervisor.

We conclude that since the charges as made were not proven, the Commission was within its discretion to modify the action of the college. *Omelchenko.*

### ORDER

AND Now, this 14th day of March, 1983, the order of the Civil Service Commission dated May 18, 1981, which returned Richard Stein to his position as Photographic Specialist II, without back pay, is hereby affirmed.

### ORDER

Now, this 21st day of April, 1983, upon consideration of respondent's application for clarification, and petitioner's answer thereto, the following order is entered, clarifying and amending this Court's previous order of March 14, 1983. In consideration of the stipulation of the parties, filed on July 27, 1981, and noting that the petitioner has not prevailed on the merits of its petition for review, the Court hereby acknowledges that respondent is, by the wording of the said stipula-

tion, entitled to back wages and benefits, as of May 18, 1981. Petitioner is directed to provide same.

