532 A.2d 950

Gabriel White, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Corrections, Respondent.

Submitted on briefs September 15, 1987, to Judges CRAIG and MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Theodore M. Lieverman,* Of Counsel: *Allan Kanner & Associates,* for petitioner.

*David B. Farney,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 28, 1987:

This is an appeal by Gabriel White (Petitioner) from an order of the State Civil Service Commission (Commission) which upheld the one-day suspension of Petitioner from his position as a Corrections Officer I, Regular Status.

Petitioner is employed by the State Correctional Institution at Graterford (Appointing Authority), a maximum security correctional institution. He was suspended from his duties for one day on a charge of unacceptable attendance. The Commission specifically found that in the period from September 20, 1984

through February 27, 1986 Petitioner, who had previously been disciplined for unacceptable attendance, was absent from work on sick leave on eleven occasions and tardy on four occasions. Based upon these findings the Commission upheld the one-day suspension.

Petitioner appeals to this Court and alleges that the Commission erred in upholding the suspension when the eleven days of sick leave were for bona fide illnesses. He further asserts that the Commission erred in upholding the discipline in the absence of clearly defined guidelines and that the decision was not supported by substantial evidence.

Our scope of review of a Commission order is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see also Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). In the suspension of a regular status employee the Appointing Authority bears the burden of proving good cause for its adverse personnel action. 4 Pa. Code §105.15; Section 803 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.803.

Good cause has been defined to mean that any personnel action must be scrutinized in the light of such merit criteria as whether the employee has failed to execute his or her duties properly and whether he or she has done an act which hampers same; the criteria must be job-related and touch in some logical manner upon competency and ability to do the job. *McCain v. East Stroudsburg State College*, 71 Pa. Commonwealth Ct. 165, 454 A.2d 667 (1983). The Commission, in further defining good cause, has promulgated regulation 101.21 which defines that term to include, *inter alia*, "[h]abit-

ual lateness in reporting for work." 4 Pa. Code §101.21 (a)(2).

In the instant case, we have two separate attendance problems which we must examine. The first pertains to use of sick leave. It is uncontested that Petitioner missed eleven days and was out on sick leave. It is also uncontested by the Appointing Authority that the sick leave days were validly taken. The Appointing Authority maintains, however, that the valid use of sick days actually accrued if "excessive," according to the Appointing Authority's standards, can justify a suspension. We disagree. First, we believe that an employee cannot be penalized for using an earned benefit in a lawful manner. Again, we emphasize that the Appointing Authority does not contend that the sick leave was improper, but merely excessive, despite the fact that Petitioner had the sick leave time accrued. If, as the Appointing Authority asserts, it must keep its staffing at high levels for security purposes, it has other options to discourage abuse of sick leave such as requiring employees to produce written medical excuses. No such requirement was placed upon Petitioner, although he did produce such documentation for seven of his eleven absences. The Appointing Authority cannot punish employees for using validly earned benefits.

The question of tardiness is another matter. The record shows four separate instances where Petitioner was late over a period of thirteen months. For two of those instances Petitioner testified that he had trouble with his car pool. The Commission made no findings on the credibility of this testimony and it is the sole determiner of credibility. *See West Chester State College v. Stein,* 72 Pa. Commonwealth Ct. 561, 457 A.2d 176 (1983). As to the other two instances of tardiness, no explanation was offered at all. We are acutely aware of prior case law holding that a security guard at a correc-

tional facility occupies a "sensitive position." *See, e.g., Department of Justice, Bureau of Corrections v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976). Further, we realize a compelling public policy reason exists for proper staffing at facilities such as the Appointing Authority. Because of the special position a security guard holds, we believe that four instances of tardiness for the time in question *could* constitute good cause for discipline under Regulation 101.21(a)(2).

Because we have determined that the Appointing Authority did not have good cause to suspend Petitioner for his absences due to illness, and because we do not wish to usurp the Commission's fact finding responsibility to resolve the issue of Petitioner's tardiness, we shall remand this case to the Commission for further findings and for reconsideration of its decision in light of those findings.

Based upon the foregoing, the order of the Commission is vacated, and this case is remanded for further proceedings consistent with this opinion.

## ORDER

The order of the State Civil Service Commission in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.