OPINION
{¶ 1} Marvin Moeller appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of the City of Miamisburg on his complaint for age discrimination and violations of the civil service rules in the selection of the City's *Page 2 
Fire Lieutenant. The court also granted summary judgment in favor of Miamisburg on Moeller's request for a writ of mandamus appointing him to the position of Fire Lieutenant.
 {¶ 2} Moeller has been employed in the Miamisburg Fire Department since 1982. In 2005, the City posted, and Moeller applied for, the position of Fire Lieutenant. The position was to be filled in accordance with the City's civil service rules and regulations. Moeller and numerous other candidates satisfied the minimum qualifications for the position and participated in a three-step selection process. The first step was a written examination, the second step was an assessment exercise, and the third step was an oral interview. The top three candidates from the selection process were recommended to the City Manager, who made the final decision about which candidate to hire.
 {¶ 3} The written exam and the assessment each counted for twenty-five percent of the candidate's overall score, and the oral interview counted for fifty percent. After the written examination and the assessment exercise, Moeller was the highest rated candidate.
 {¶ 4} The oral interview portion of the selection process was conducted by the City's Fire Chief, Robert Bobbitt; the City's Human Resources Manager, Kathy Weisgarber; and Oakwood Fire Chief Glen Beddies. Scoring in this section was based on answers to numerous questions and on an evaluation of each candidate's personnel records. Moeller lost a significant number of points in this section due to his use of sick leave in excess of the average amount used by the City's firefighters. The interviewers also questioned the honesty of some of Moeller's answers based on his history with the department. Additionally, Moeller testified that he had argued with one of the interviewers during the oral interview regarding a policy matter.
 {¶ 5} Based on the final results, the civil service commission certified the top three *Page 3 
candidates to the City Manager. Moeller was not among the three. The City Manager appointed Tim Shafer, age 42, to the Lieutenant position. The six candidates with the next highest scores were appointed the Officer in Charge positions, which meant that they could fill in for the Lieutenant if he was not on duty. Moeller did not get any of these positions.
 {¶ 6} In March 2006, Moeller filed his complaint alleging age discrimination and violations of the civil service rules in the hiring process. He also sought a writ of mandamus appointing him to the position of Fire Lieutenant. In February 2007, Miamisburg filed a motion for summary judgment. On June 14, 2007, the trial court granted Miamisburg's motion for summary judgment on all of Moeller's claims.
 {¶ 7} Moeller raises three assignments of error on appeal.
 {¶ 8} I. "THE TRIAL COURT ERRED IN CONCLUDING THAT NO ISSUES OF MATERIAL FACT EXISTED PERTAINING TO APPELLANT'S CLAIM THAT APPELLEE'S ORAL INTERVIEW WAS NOT COMPETITIVE IN NATURE AND THEREBY VIOLATED ARTICLE XV SECTION 10 OF THE OHIO CONSTITUTION AND CIVIL SERVICE RULES AND REGULATIONS OF THE CITY OF MIAMISBURG."
 {¶ 9} Moeller claims that the oral interview violated the civil service rules because no measurable standards were in place for the answers and, thus, the questions were too subjective. He claims that criteria such as "honesty" and "depth" of answers, which the interviewers cited in their depositions as scoring considerations, are "amorphous concepts which * * * [are] impractical to measure and incapable of being challenged." Some of the questions to which Moeller objects were: "Describe yourself in one word" and "Outline for us a pet peeve you may have, in other words, what pushes your button." He also objected to the following "practical question": "Currently, there seems *Page 4 
to be a general lack of support toward the City Management Team. Please identify the specific issues you are aware of as well as suggested initiatives to correct this sentiment with employees."
 {¶ 10} The City responds that it has broad discretion in conducting civil service examinations and that the use of an oral examination to determine the ability of the applicant to deal with others, meet the public, supervise employees, and the like is permissible, despite the fact that, by its nature, such an evaluation is somewhat subjective.
 {¶ 11} As a fundamental framework and guideline for all civil service appointments in Ohio, Section 10, Article XV of the Ohio Constitution requires that "[appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examination." [Emphasis added.] The trial court shared the City's view that some of the qualities essential for the position of Fire Lieutenant would be impossible to measure with entire objectivity, noting that competitive exams cannot always reveal the qualifications for certain types of positions. See State ex rel. King v. Emmons (1934),128 Ohio St. 216, 221, 190 N.E. 468. We agree with the trial court that the qualities of a good fire lieutenant cannot be determined entirely through objective testing. Thus, the trial court did not err in concluding that the oral interview used in Miamisburg's selection process did not violate the civil service rules or Ohio's Constitution.
 {¶ 12} The first assignment of error is overruled.
 {¶ 13} II. "THE TRIAL COURT ERRED IN CONCLUDING THAT NO ISSUES OF MATERIAL FACT EXISTED PERTAINING TO APPELLANT'S CLAIM THAT APPELLEE'S CONSIDERATION OF SICK LEAVE USAGE VIOLATED ARTICLE XV SECTION 10 OF THE OHIO CONSTITUTION AND CIVIL SERVICE RULES AND REGULATIONS OF THE CITY OF *Page 5 
MIAMISBURG."
 {¶ 14} Moeller claims that the City's incorporation of sick leave usage into the examination process was unconstitutional and violated civil service rules. Specifically, he claims that, because he had earned the sick leave in accordance with a collective bargaining contract, he was entitled to use it without penalty. He also claims that civil service rules were violated insofar as potential candidates for the position were not notified that sick leave usage would be a criterion.
 {¶ 15} Moeller relies on White v. Pennsylvania Dept. ofCorrections, 110 Pa.Cmwlth. 496, 532 A.2d 950, in support of his argument that he was wrongly penalized for his usage of earned sick leave. In White, a corrections officer was suspended for unacceptable attendance, although the sick leave days at issue were "validly taken." The court concluded that an employee cannot be penalized for using an earned benefit in a lawful manner. Moeller claims that, because his sick leave usage was factored into the hiring decision, he was also penalized for using an earned benefit. He encourages us to follow White and to conclude that the City's consideration of sick leave was improper.
 {¶ 16} While we tend to agree with White that an employee should not be punished for a legitimate use of earned sick leave, we do not believe that the rationale in White is relevant to Moeller's situation. The cases present very different facts. In our view, the consideration of sick leave usage in a decision to promote someone to a position of greater authority reflects a reasonable inquiry into the person's ability to handle the additional responsibilities; it is not punitive. Thus, we do not find White to be instructive on this point.
 {¶ 17} The trial court concluded that the use of above average sick leave as a criterion in evaluating a candidate's merit was permitted by the civil service rules and the Constitution if it was relevant to the candidate's ability to competently and efficiently perform the duties of the job. Fire *Page 6 
Chief Bobbitt testified that excessive sick leave usage did affect a candidate's ability to do the job because it was incompatible with the type of leadership he expected of officers and because he needed to rely on his officers to be on duty. He testified that excessive use of sick leave affected "[efficiency of service, certainly cost to the community, cost to our budget, [and] wear on the other personnel having to cover for that employee." Based on this evidence, the trial court reasonably concluded that consideration of candidates' sick leave usage did not violate the civil service rules or the Constitution.
 {¶ 18} Moreover, the evidence established that Moeller used significantly more sick leave than other candidates. Bobbitt stated in his affidavit that Moeller "consistently uses as much `sick leave' as he can each year, which is a substantial amount of time under the union contract. His sick leave usage surpasses that of any other firefighter." Moeller did not present specific evidence justifying his unusual amount of sick leave.
 {¶ 19} Moeller also claims that the civil service rules were violated in that the applicants for the position were not notified that sick leave usage would be a consideration in the hiring process. The trial court found that Section 3.4 of the Civil Service Rules sets forth the information that must be contained in an announcement of an opening and that sick leave usage does not fall under any of the notice requirements. We agree. We also fail to see how Moeller was prejudiced by the lack of notice that sick leave would be a consideration.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} III. "THE TRIAL COURT ERRED IN CONCLUDING THAT NO ISSUES OF MATERIAL FACT EXISTED PERTAINING TO APPELLANT'S CLAIM THAT APPELLEE DISCRIMINATED AGAINST APPELLANT DUE TO HIS AGE" *Page 7 
 {¶ 22} Moeller contends that he was not promoted to Fire Lieutenant or Officer in Charge due to age discrimination by the City.
 {¶ 23} To establish a prima facie case of age discrimination, Moeller was required to show that: (1) he was a member of the statutorily protected class, (2) he was subject to an adverse employment decision, (3) he was qualified for the position, and (4) the position was left open or a substantially younger person was given the position.Limberg v. Roosa, Mont. App. No. 19988, 2004-Ohio-1480, ¶ 24. The supreme court has elected not to establish a bright-line rule defining the requisite age differential. Coryell v. Bank One Trust Co. N.A.,101 Ohio St.3d 175, 181, 2004-Ohio-723, 803 N.E.2d 781. "The term `substantially younger' as applied to age discrimination in employment cases defies an absolute definition and is best determined after considering the particular circumstances of each case." Id.
 {¶ 24} In Moeller's case, there was no dispute that the first three elements of an age discrimination claim had been established. There was some dispute about the fourth element: whether the 42-year-old who was promoted instead of Moeller, age 49, was "substantially younger." The trial court concluded, however, that Moeller had established a prima facie case because he was eligible for retirement when the position was being filled, whereas the 42-year-old who got the promotion was not.
 {¶ 25} Once a prima facie case is established, an inference of discrimination arises. The burden then shifts to the employer to show that it had a legitimate, nondiscriminatory reason for its action. SeeKohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer articulates such a reason, the employee must show that the articulated reason was merely a pretext for discrimination. See id. at 503-04, 575 N.E.2d 439. The burden of persuasion, however, *Page 8 
always remains with the plaintiff. St. Mary's Honor Ctr. v. Hicks
(1993), 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407.
 {¶ 26} Miamisburg claimed that it had a legitimate, non-discriminatory reason for not promoting Moeller: his low score on the civil service examination. It is undisputed that Moeller scored lower than those who were selected for Fire Lieutenant and Officers in Charge. He finished twelfth among the pool of applicants, and only seven people were promoted. Thus, the City offered a legitimate, non-discriminatory reason for its decision, and Moeller failed to show that the reason offered by Miamisburg was a pretext for age discrimination. As discussed above, we have rejected Moeller's claims that the examination violated the civil service rules and the Ohio Constitution. Because Moeller failed to create a genuine issue of material fact that he was not promoted due to age discrimination, summary judgment was appropriate.
 {¶ 27} The third assignment of error is overruled.
 {¶ 28} The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
 Jason P. Matthews Jeffrey M. Silverstein Nicholas E. Subashi Tabitha Justice Hon. Michael T. Hall *Page 1